

JAMES S. COON (Oregon State Bar No. 77145)
SWANSON THOMAS & COON
820 SW Second Avenue, Ste. 200
Portland, OR 97204
Tel: (503) 228-5222
Fax: (503) 273-9175
Email: jcoon@stc-law.com

*Other Plaintiff's Counsel Listed on Following Page*

FILED'06 NOV 16 15:03USDC-ORP

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY POOLE, individually, and on behalf of all others similarly situated,<br><br>　　　Plaintiff<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.<br><br>　　　Defendant. | CASE NO. CV'06 1657 HA<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT FOR:<br><br>1. Recovery of Overtime Pay under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.)<br><br>2. Recovery of Overtime Pay Under Oregon Law (ORS 653.261(1) and OAR 839-020-0030)<br><br>3. Illegal Wage Deductions under Oregon Law (ORS 652.610(3) and ORS 652.615) |

Page 1 - COLLECTIVE AND CLASS ACTION COMPLAINT

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175

JAMES F. CLAPP (*Pro Hac Vice Application Pending*)
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, CA 92122
Tel: (858) 623-4200
Fax: (858) 623-4299
Email: jclapp@sdlaw.com

H. TIM HOFFMAN (*Pro Hac Vice Application Pending*)
HOFFMAN & LAZEAR
180 Grand Ave. Ste. 1550
Oakland, CA 94612
Tel. (510) 763-5700
Fax. (510) 835-1311
Email: hth@hoffmanandlazear.com

**Attorneys for Plaintiff**
JEFFREY POOLE

Page 2 - COLLECTIVE AND CLASS ACTION COMPLAINT

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175

## PRELIMINARY STATEMENT

1.  This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and, in particular, 29 U.S.C. § 216(b), to recover overtime wages and liquidated damages on behalf of individuals who were employed by defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("ML") as Financial Advisors anywhere in the United States (excluding the State of California) during the applicable three-year statute of limitations.

2.  This is also a class action under Fed. R. Civ. P. 23 seeking recovery of overtime pay, illegal wage deductions, and civil penalties under Oregon law on behalf of those individuals who were employed by ML as Financial Advisors in the State of Oregon during the applicable two-year statute of limitations.

## PARTIES

3.  Plaintiff JEFFREY POOLE is an individual residing in the State of Oregon.

4.  Defendant ML is a corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over plaintiff's first claim under the FLSA pursuant to 29 U.S.C. § 216(b) (conferring federal jurisdiction to hear FLSA claims) as well as 28 U.S.C. § 1331 (federal question jurisdiction). The Court has jurisdiction over plaintiff's second and third claims under Oregon law pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction), in that the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because ML employed plaintiff in this judicial district and because ML has several offices and operations in this judicial district; as such, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Page 3 - COLLECTIVE AND CLASS ACTION COMPLAINT

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

7. The "FLSA Class" consists of all individuals who were employed by ML as Financial Advisors anywhere in the United States (excluding the State of California) during the applicable three-year statute of limitations and who file a written consent to join this action.

8. The "Oregon Class" consists of all individuals who were employed by ML as Financial Advisors in the State of Oregon during the applicable two-year statute of limitations.

9. The proposed classes are ascertainable in that their members can be identified and located using information contained in ML's payroll and personnel records.

10. Common questions of fact or law exist with respect to both classes, which predominate over any individual questions. These common questions include, but are not limited to, the following:

   A. Whether ML's Financial Advisors receive overtime pay;

   B. The reasons why ML classified its Financial Advisors as exempt from overtime under the FLSA and Oregon law;

   C. Whether ML's Financial Advisors regularly work more than 40 hours per week;

   D. Whether ML is a "retail or service establishment," as that term is defined under the FLSA and Oregon law;

   E. Whether Financial Advisors are paid on a "salary basis," as that term is defined under the FLSA and Oregon law;

   F. Whether the primary duty of Financial Advisors is administrative in nature, or alternatively whether it is to sell financial products and services;

   G. Whether Financial Advisors exercise sufficient independent judgment and discretion to qualify them as exempt under the FLSA and Oregon law;

Page 4 - COLLECTIVE AND CLASS ACTION COMPLAINT

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175

H.  Whether ML's misclassification of Financial Advisors as exempt was willful; and

I.  Whether the deductions ML took from the wages of its Financial Advisors complied with ORS 651.610.

11.  Numerosity.  The plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case. Plaintiffs are informed and believe and thereon allege that the FLSA Class consists of at least 5,000 members and the Oregon Class consists of at least 100 members.

12.  Typicality and Adequacy.  Plaintiff's claims are typical of the claims of the class members. Plaintiff suffered a similar injury as the other class members as a result of defendant's common practices regarding the payment of wages. In addition, plaintiff will fairly and adequately protect the interests of the members of the classes. Plaintiff has no interests that are adverse to the interests of the other class members.

13.  Superiority. A collective/class action is superior to other available means for the fair and efficient adjudication of this controversy. Collective/class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a collective/class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

Page 5 - COLLECTIVE AND CLASS ACTION COMPLAINT

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175

## FIRST CLAIM

### (Recovery of Overtime Pay Under the FLSA – By the FLSA Class)

14. Plaintiff incorporates the allegations contained in paragraphs 1-13.

15. The FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

16. FLSA Class members regularly work more than 40 hours per week but are not paid overtime.

17. ML is not a "retail or service establishment" under 29 U.S.C. § 207(i) and 29 C.F.R. §§ 779.316 and 779.317.

18. FLSA Class members are not exempt under the FLSA's administrative exemption.

19. FLSA Class members are not exempt under the FLSA's professional exemption.

20. FLSA Class members are not exempt under the FLSA's executive exemption.

21. FLSA Class members are not exempt under the FLSA's outside sales exemption.

22. ML's failure to pay the FLSA Class members overtime was willful.

23. As a result of the foregoing, plaintiff seeks unpaid overtime wages on behalf of themselves and the FLSA Class, plus liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b), in amounts to be proved at trial.

## SECOND CLAIM

### (Recovery of Overtime Pay Under Oregon Law – By the Oregon Class)

24. Plaintiff incorporates the allegations contained in paragraphs 1-13.

25. Pursuant to Oregon Revised Statutes § 653.261(1) and Oregon Administrative Rules § 839-020-0030, an individual employed in Oregon must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

26. Oregon Class members regularly work more than 40 hours per week but are not paid overtime.

Page 6 - COLLECTIVE AND CLASS ACTION COMPLAINT

27. ML is not a "retail or service establishment" under 839-020-0125(d).

28. Oregon Class members are not exempt under Oregon's administrative exemption.

29. Oregon Class members are not exempt under Oregon's professional exemption.

30. Oregon Class members are not exempt under Oregon's executive exemption.

31. Oregon Class members are not exempt under Oregon's outside sales exemption.

32. ML's failure to pay the Oregon Class members overtime was willful.

33. As a result of the foregoing, plaintiff seeks unpaid overtime wages on behalf of himself and the Oregon Class, plus attorney's fees and costs pursuant to ORS 652.200(2).

34. In addition, with respect to those members of the Oregon Class who are no longer employed by ML, ML failed to pay those class members all of the wages they were owed within the deadlines set forth in ORS 652.140, thereby entitling them to late payment penalties under ORS 652.150.

### THIRD CLAIM

### (Illegal Wage Deductions Under Oregon Law – By the Oregon Class)

35. Plaintiff incorporates the allegations contained in paragraphs 1-13.

36. ORS 652.610(3) prevents an employer from withholding, deducting, or diverting an employee's wages unless certain conditions are met.

37. ML routinely deducts from its Financial Advisors' wages to pay such expenses as the wages of the support staff, losses due to trading errors, and marketing and advertising costs. These deductions do not fall within any of the exceptions set forth in ORS 652.610(3).

38. Pursuant ORS 652.615, plaintiff and the other Oregon Class members are each entitled to the greater of actual damages or $200, plus reasonable attorney's fees and costs, in amounts to be proved at trial.

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175

## **PRAYER**

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. For compensatory damages according to proof;

2. For liquidated damages and penalties as alleged herein;

3. For reasonable attorney's fees and costs of suit;

4. For pre-judgment interest; and

5. For such other relief that the Court deems just and proper.

                SWANSON THOMAS & COON

                JAMES S. COON
                Attorneys for Plaintiffs

Page 8 - COLLECTIVE AND CLASS ACTION COMPLAINT

SWANSON, THOMAS & COON
820 SW Second Avenue, Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175