JAMES S. COON
(Oregon State Bar No. 77145)
jcoon@stc-law.com
SWANSON THOMAS & COON
820 S.W. Second Avenue, Ste. 200
Portland, OR 97204
Tel:   (503) 228-5222
Fax:   (503) 273-9175

Attorneys for Plaintiff Jeffrey Poole
[Additional Attorneys follow signature page]


UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY POOLE, WINSOME P. CARTER, JAMES C. HOWELL, JEFFREY KEMP, ANDREA LOUGHLIN, HENRY V. M. MULTALA, ANTHONY PALUMBO, MARY O'REILLY, BURKHARD SPRING, DAVID BACHRACH, PETER R. GARRISON, ROBERT TRAITZ, EDWARD FRANCE, EDWARD C. REINHART, MICHAEL WENDLING and RICHARD J. TESTA, JR., on behalf of themselves, the general public, and all others similarly situated, | **CASE NO.**    <u>CV  06-1657  HA</u>  <br><br>**FIRST AMENDED CONSOLIDATED COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**  <br><br>1. RECOVERY OF OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, *et seq.*)  <br><br>2. RECOVERY OF OVERTIME PAY UNDER THE LABOR LAWS OF THE STATES OF THE UNITED STATES |
| Plaintiffs, | |
| vs. | 3. RECOVERY OF ILLEGAL WAGE DEDUCTIONS UNDER THE LABOR LAWS OF THE STATES OF THE UNITED STATES |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | |
| Defendant. | **Jury Trial Demanded** |

1 – FIRST AMENDED CONSOLIDATED COLLECTIVE AND CLASS ACTION COMPLAINT

## INTRODUCTION

1.     Plaintiffs Jeffrey Poole, Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly, Burkhard Spring, David Bachrach, Peter R. Garrison, Robert Traitz, Edward France, Edward C. Reinhart, Michael Wendling and Richard J. Testa, by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

2.     Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and as a class action pursuant to Fed.R.Civ.P. 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the Federal Fair Labor Standards Act, and of the Labor Laws of the States of States of New York, New Jersey, Washington, Oregon and Texas, and the Commonwealths of Pennsylvania and Massachusetts, and the Labor Laws of the other States and jurisdictions of the United States, including the District of Columbia and the Commonwealth of Puerto Rico, but excluding California, and as a result of other wrongful conduct and improper labor practices committed by defendant Merrill

Lynch, Pierce, Fenner & Smith Incorporated (referred to herein as "Merrill Lynch" or as "defendant") in those jurisdictions.

     3.    The persons plaintiffs seek to represent are: current and former Financial Advisors (sometimes referred to previously as "Financial Consultants", and also known as, and sometimes referred to herein as, "Securities Brokers," including those who perform the duties of Financial Advisor simultaneously with a supervisory role), Professional Development Program ("PDP") Financial Advisors, Paths of Achievement ("POA") Financial Advisors and/or Financial Advisor Trainees who are or have been employed by defendant in the United States, including the District of Columbia and Puerto Rico, but excluding those individuals who were employed by Merrill Lynch exclusively in California, and who are and/or were employed by Defendants on a commission or salary basis, and to whom Defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law and/or are and/or were subjected to unlawful deductions from their pay by Defendants and/or were unlawfully compelled to pay for Defendants' business expenses and/or were unlawfully charged back for commissions and/or the actual value of stock or other losses allegedly caused by them through simple negligence or through no fault of their own. The positions in which the persons identified in this paragraph were employed by Defendants are collectively referred to herein as "Covered Positions."

4.    The groups and classes that plaintiffs seek to represent are:

(a) the "Federal Collective Group" that consists of all individuals who were or are employed by defendant in Covered Positions in the United States of America, including the District of Columbia and Puerto Rico, but excluding those individuals who were employed in Covered Positions by Merrill Lynch exclusively in California, at any time from February 22, 2003 who timely opt-in to any such collective group (the "Federal Eligibility Period");

(b) the "State Law Class" that consists of all individuals, employed by defendants in Covered Positions in the States and jurisdictions of the United States, including the District of Columbia and Puerto Rico, but excluding those individuals who were employed by Merrill Lynch exclusively in California, at any time during the maximum applicable law limitations periods of those jurisdictions in the United States, including, without limitation: (i) all individuals employed by defendants in Covered Positions in the State of New York at any time since May 5, 2000; (ii) all individuals employed by defendant in Covered Positions in the State of New Jersey at any time since June 20, 2000; (iii) all individuals employed by defendant in Covered Positions in the Commonwealth of Pennsylvania at any time since

February 22, 2003; (iv) all individuals employed by defendant in Covered Positions in the State of Washington at any time since May 9, 2003; (v) all individuals employed by defendant in Covered Positions in the State of Oregon at any time since November 16, 2004; (vi) all individuals employed by defendant in Covered Positions in the State of Texas at any time since October 26, 2002; and (vii) all individuals employed by defendant in Covered Positions in the Commonwealth of Massachusetts at any time since September 24, 2001 (collectively the "State Law Class Periods");

5.    As a result of defendant's violation of the FLSA, and the Labor Laws of each of the jurisdictions of the United States, including the District of Columbia and Puerto Rico, including , without limitation, the Labor Laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas, and Massachusetts, but excluding those individuals who were employed by Merrill Lynch exclusively in California, plaintiffs and the other members of the Federal Collective Group and the other members of the State Law Class were unlawfully under-compensated for their work.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d),

the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

7.    Venue is proper under 28 U.S.C § 1391(b)(1) and § 1391(c) because the named defendant is resident in this District and many of the acts complained of occurred in this District.

## PARTIES

8.    During the Federal Eligibility Period, plaintiffs Henry V. M. Multala and Mary O'Reilly, residents and citizens of New York, Peter R. Garrison and Robert Traitz, residents and citizens of New Jersey, Edward France, a resident and citizen of Pennsylvania, Edward C. Reinhart, a resident and citizen of Washington, Jeffrey Poole, a resident and citizen of Oregon, Michael Wendling, a resident and citizen of Texas, and Richard J. Testa, Jr., a resident and citizen of Massachusetts, (collectively "Federal Collective Group Plaintiffs"), were employed by defendant Merrill Lynch in Covered Positions in the United States.

9.    During the State Law Class Periods, plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly and Burkhard Spring were employed by Merrill Lynch in Covered Positions in the State of New York, plaintiffs David Bachrach, Peter R. Garrison and Robert Traitz were employed by Merrill Lynch in Covered Positions in the State of New Jersey, plaintiff Edward France was employed by defendant

Merrill Lynch in a Covered Position in the Commonwealth of Pennsylvania, plaintiff Edward C. Reinhart was employed by defendant Merrill Lynch in a Covered Position in the State of Washington, plaintiff Jeffrey Poole was employed by defendant Merrill Lynch in a Covered Position in the State of Oregon, plaintiff Michael Wendling was employed by defendant Merrill Lynch in a Covered Position in the State of Texas and Richard J. Testa, Jr. was employed by defendant Merrill Lynch in a Covered Position in the Commonwealth of Massachusetts. (Collectively "State Law Class Plaintiffs.")

10.   During the Federal Eligibility and State Law Class Periods, defendant Merrill Lynch, was and still is a Delaware corporation with its principal place of business in the State of New York, and does business in all the jurisdictions of the United States, including the District of Columbia and Puerto Rico, as a NASD registered securities brokerage firm with offices located nation-wide throughout the United States, including the District of Columbia and Puerto Rico, and including in New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts, where plaintiffs were employed, and has conducted business at those locations.

## **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

11.   The Federal Collective Group Plaintiffs bring this action on behalf of

themselves and on behalf of the Federal Collective Group pursuant to the Fair Labor Standards Act, § 216(b).

12.    The Federal Collective Group Plaintiffs are informed and believe that Merrill Lynch has over 15,000 employees in Covered Positions in the United States, including the District of Columbia and Puerto Rico, but excluding California, in the Federal Collective Group and estimate that the total number of employees in Covered Positions in the Federal Collective Group during the Federal Eligibility Period far exceeds that amount.

13.    The Federal Collective Group Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for defendant in Covered Positions during the Federal Eligibility Period; (b) functioned exclusively or primarily as inside sales persons; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation. As a result, there are questions of law and fact common to the Federal Collective Group Plaintiffs and the Federal Collective Group; and, therefore, the Federal Collective Group Plaintiffs have a well-defined community of interest with and are adequate representatives of the Federal Collective Group.

14.    The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

       a.    Whether Defendants failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA;

       b.    Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages; and

       c.    Whether Defendants willfully violated the FLSA and, if so, the extent of liquidated damages.

15.    The State Law Class Plaintiffs bring this action on behalf of themselves and on behalf of the State Law Class, pursuant to Fed.R.Civ.P. 23.

16.    The State Law Class Plaintiffs are informed and believe that there are thousands of members of the State Law Class; thus, the State Law Class is so numerous that joinder is impractical.

17.    There are questions of law and fact common to the State Law Class State Law Class Plaintiffs and the other members of the State Law Class; and, therefore, the State Law Class Plaintiffs are similarly situated to the other members of the State Law Class and are adequate representatives of the State Law Class.

18.    The following questions of law and fact are common to the State Law Class and predominate over questions which may affect only individual members of the State Law Class:

a.    Whether Defendants failed to adequately compensate the members of the State Law Class for overtime hours worked as required by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts, *e.g.*: (i) the New York State Labor Department's Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 142-2.2; (ii) New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30; (iii) the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.*; (iv) the Washington Minimum Wage Act (Revised Code of Washington ("RCWA") §49.46.130); (v) Oregon Revised Statutes ("ORS") §§653.261(1) and the implementing regulations, including Oregon Administrative Rules ("OAR") §§839-020-0030; (vi) Texas Common Law; and (vii) the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B.

b.    Whether defendant wrongfully deducted monies from the wages of the members of the State Law Class and/or otherwise required State Law Class members to pay for support staff and other overhead expenses and for reversed trades in violation of the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New York Labor Law Article 6 § 193, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4, Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§260.1, *et seq.*, including §260.3, RCWA 549.52.050, ORS 652.610(3) and Texas Common Law.

c.    Whether defendant violated the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3 and ORS 652.140 and 652.150, which provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines, by wrongfully failing to tender payment and/or restitution of wages owed or in the manner required by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New Jersey and Oregon law, to the State Law Class.

d.      Whether the members of the State Law Class have been damaged and, if so, the extent of such damages and whether the members of the State Law Class are entitled to penalties and, if so, the extent of such penalties.

19.    Plaintiffs are asserting claims that are typical of the claims of the Federal Collective Group and the State Law Class. Plaintiffs will fairly and adequately represent and protect the interests of the Federal Collective Group and the State Law Class and have no interests antagonistic to those of the other members of the Federal Collective Group and/or the other members of the State Law Class. Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

20.    Plaintiffs and the other members of the Federal Collective Group and the State Law Class have suffered damages as a result of defendant's wrongful conduct. Because of the size of the claims of the individual members of the Federal Collective Group and the State Law Class, few, if any, members of the Federal Collective Group and/or the State Law Class could afford to seek legal redress for the wrongs complained of herein. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy between plaintiffs and the other members of the Federal Collective Group and the State Law Class, and defendant.

21.    Absent a collective and class action, the members of the Federal Collective Group and the State Law Class likely will not obtain redress of their injuries and defendant will retain the proceeds of their violations of the FLSA and the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts, *e.g.*: (i) the provisions of New York Labor Law Article 6 §193 and 12 NYCRR §142-2.2; (ii) N.J.S.A. §§34:11-56a through 34:11:56a30 and 34:11-4.4; (iii) the PWPCL, 43 P.S. §§260.1, *et seq.* and the PMWA, 43 P.S. §§333.101, *et seq.*; (iv) RCWA §§49.46.130 and §49.52.050; (v) ORS §§653.261(1), 652.610(3) and 652.140; (vi) Texas Common Law; and (vii) Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22.    Defendant sold and sells securities and other financial products with offices nationwide.

23.    Plaintiffs were inside sales persons whom defendant paid on a commission basis without any premium for overtime pay as required by law.

24.    Defendant required Securities Broker members of the State Law Class to pay additional wages to the Securities Brokers' assistant(s) for doing the business of defendant.

25.    Defendant also charged and/or refused to compensate the members of the State Law Class for other costs of doing business.

26.    If a customer challenged the transactions done for their benefit by the members of the State Law Class, defendant would deduct the amount of any loss from the commissions due the Securities Broker both for the actual losses incurred by the customer and any commission paid on that transaction.

27.    Neither plaintiffs nor the members of the Federal Collective Group or the State Law Class were or are part of any group exempt from the overtime requirements of Federal law or the laws of the States and jurisdictions of the United States, including, without limitation, the laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts.

28.    Members of the Federal Collective Group, and the State Law Class were not and are not "professionals" and did not perform executive or administrative functions as defined by the FLSA, or the laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts.

29.    Plaintiffs and the other members of the Federal Collective Group and the State Law Class were not and are not outside salesmen as defined in the FLSA and under the laws of the States and jurisdictions of the United States, including,

without limitation, the Labor Laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts, since they performed their sales functions inside defendant's offices.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime to the Federal Collective Group-Violation of FLSA)**

30.    The Federal Collective Group Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

31.    Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

32.    Section 207(i) of the Federal Fair Labor Standards Act provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this section - mandate to compensate employees for overtime] by employing any employee of a **retail or service establishment** for a workweek in excess of the

> applicable work week specified therein, if (1) the regular
> rate of pay of such employee is in excess of one and one-
> half times the minimum hourly rate applicable to him
> under section 6 [29 U.S.C. § 206], and (2) more than half
> his compensation for a representative period (not less than
> one month) represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

33.    The Section 207(i) exemption does not apply to the Federal
Collective Group herein because brokerage houses do not qualify as "retail or
service establishments." Section 779.317 of the Secretary of Labor's regulations
provides a "partial list of establishments to which the retail concept [and thus the
section 207(i) exemption] does not apply." 29 C.F.R. § 779.317 (2005). Included
in that list are "brokers, custom house; freight brokers; stock or commodity
brokers, [and] ... securities dealers." *Id.*

34.    Section 213(a)(1) of the Federal Fair Labor Standards Act provides
that the overtime pay requirement does not apply to:

> any employee employed in a bona fide **executive,
> administrative**, or **professional capacity** (including any
> employee employed in the capacity of academic
> administrative personnel or teacher in elementary or
> secondary school), or in the capacity of **outside salesman**
> (as such terms are defined and delimited from time to time
> by regulations of the Secretary, subject to the provisions of
> the Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*]
> except than [*sic*] an employee of a retail or service
> establishment shall not be excluded from the definition of
> employee employed in a bona fide executive or
> administrative capacity because of the number of hours in
> his work week which he devotes to activities not directly

or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

29 U.S.C. § 213(a)(1) (2005) (emphasis added).

35.    The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable because the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group are not employed in a bona fide professional capacity.

36.    Moreover, the professional exemption does not apply to the Federal Collective Group Plaintiffs or to the other members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study, rather than at any institution of higher learning.

37.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.   There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally

required to have such a degree in order to become a Securities Broker employee of defendant.

38.    The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither the Federal Collective Group Plaintiffs nor the members of the Federal Collective Group were, or are, outside salespersons because the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group were *not* customarily and regularly engaged away from defendant's places of business in making sales.

39.    The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of other employees of defendant and their primary duty is selling securities and other financial products.

40.    The Federal Collective Group under the Fair Labor Standards Act includes all Securities Broker and Securities Broker Trainee employees of defendant in the United States, including the District of Columbia and Puerto Rico, but excluding those individuals who were employed by Merrill Lynch exclusively in California.

41.    For purposes of the Fair Labor Standards Act, the employment practices of defendant were and are uniform throughout the United States

including the District of Columbia and Puerto Rico, in all respects material to the claims asserted in this Complaint.

42.    There are no other exemptions applicable to plaintiffs and/or to members of the Federal Collective Group.

43.    The Federal Collective Group Plaintiffs and the other members of the Federal Collective Group regularly worked more than 40 hours per week for defendant, and received no premium pay for hours worked in excess of 40 hours per week.

44.    Defendants violated the FLSA by failing to pay the members of the Federal Collective Group overtime pay for all hours worked in excess of forty (40) hours in a workweek.

45.    In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, defendant acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group.

46.    As a result of defendant's failure to pay overtime, the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group were damaged.

47.    Therefore, the Federal Collective Group Plaintiffs demand that they and the other members of the Federal Collective Group be paid overtime

compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

### SECOND CLAIM FOR RELIEF

#### (Failure to Pay Overtime to Members of the State Law Class)

48.    The State Law Class Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the Labor Laws of the States and jurisdictions of the United States (except California), including, without limitation, New York, New Jersey Pennsylvania, Washington, Oregon, Texas and Massachusetts, on behalf of themselves and on behalf of the State Law Class.

49.    The Labor Laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New York, New Jersey, Pennsylvania, Washington, Oregon and Massachusetts and Texas Common Law, provide that any work performed by persons employed in Covered Positions in excess of forty (40) hours in any one workweek or, in the case of some jurisdictions, a different and/or additional minimum amount of hours ("overtime work"), shall be compensated with overtime premium pay at a scale based on a multiple of the regular rate of pay for an employee. The State Law Class Plaintiffs and the other members of the State Law Class were entitled to such overtime

premium compensation for work performed in excess of forty (40) hours in any one workweek, *i.e.*, overtime work, while employed by defendant in such Covered positions in such States and other jurisdictions of the United States.

50.    For example, New York Law, 12 NYCRR § 142-2.2 (2005), requires the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of 40 hours a week to non-exempt employees. Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly and Burkhard Spring and all other members of the State Law Class employed in Covered Positions in New York regularly work and/or worked more than 40 hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours and no exceptions to New York Labor Law apply to them; thus, Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly and Burkhard Spring and all other members of the State Law Class employed in Covered Positions in New York, were and are entitled to be paid overtime compensation for every hour of overtime worked in any work week for which they were not so compensated, as required by 12 NYCRR § 142-2.2 (2005), which provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate

in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938 as Amended, provided, however that the exemptions set forth in Section [2]13(a)(2) and [2]13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section [2]13 of the Fair Labor Standards Act, as Amended, except employees subject to Section [2]13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

(See also New York Labor Law Article 19 § 650 *et seq.*)

51.    Similarly, plaintiffs David Bachrach, Peter R. Garrison and Robert Traitz and the other members of the State Law Class employed in Covered Positions in New Jersey regularly worked more than 40 hours per week for defendant, and received no premium pay for hours worked in excess of 40 hours per week and were and are not exempt from the overtime requirements of New Jersey's Labor Laws, and implementing regulations; and, thus, were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, which provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1 ½) times the regular rate of pay for an employee.

52.    Likewise, plaintiff Edward France and the other members of the State Law Class employed in Covered Positions in Pennsylvania performed overtime

work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the PMWA, 43 P.S. §§333.101, *et seq.*, and the regulations implementing the PMWA, which provide that employers must pay overtime premium pay to employees who work in excess of 40 hours per week unless the employees fall into one or more express "exemptions," none of which apply to plaintiff Edward France or to the other members of the State Law Class employed in Covered Positions in Pennsylvania, who were and are thus entitled to overtime pay for all work performed in excess of 40 hours per week, as required by the PMWA, 43 P.S. §333.101, *et seq.*

53.    Further, Edward C. Reinhart and the other members of the State Law Class employed in Covered Positions in Washington, all of whom were non-exempt employees, performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as provided in RCWA §49.46.130, which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of forty (40) hours in any given workweek unless proven to be exempt from the protection of overtime laws; thus, plaintiff Edward C. Reinhart and/or the other members of the State Law Class employed in Covered Positions in Washington are

entitled to overtime compensation for hours worked in excess of 40 hours a week pursuant to RCWA §49.46.130.

54.    Comparably, Jeffrey Poole and the other members of the State Law Class employed in Covered Positions in Oregon, performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, pursuant to ORS §653.261(1) and OAR §§839-020-0030, which require employers to pay an individual employed in Oregon overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

55.    Plaintiff Michael Wendling and the other members of the State Law Class employed in Covered Positions in Texas, performed overtime work and were and are entitled to overtime pay for all hours worked in excess of forty (40) hours per week, under Texas Common Law and all such unpaid overtime pay is a debt of the employer, retention of which results in unjust enrichment of such employer.

56.    Further, plaintiff Richard J. Testa, Jr. and the other members of the State Law Class employed in Covered Positions in Massachusetts, all of whom were non-exempt employees, performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, pursuant to the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B, which requires

employers to pay non-exempt employees overtime at the rate of no less than one and one-half times the employee's regular salary for all hours worked in excess of forty (40) hours in any one workweek.

57.    The overtime laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New York, New Jersey, Pennsylvania, Washington, Oregon and Massachusetts, exempt from these overtime premium pay requirements certain "white collar" employees employed in a bone fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

58.    Neither the State Law Class Plaintiffs, nor the other members of the State Law Class, are part of any group exempt from the overtime requirements of the laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts.

59.    The professional exemption does not apply to the State Law Class Plaintiffs or to the other members of the State Law Class because the status of a Securities Broker is not a recognized profession in a field of science or learning or artistic endeavor, and the job duties of a Securities Broker do not require an advanced degree.  The professional exemption does not apply to the State Law Class Plaintiffs or to the other members of the State Law Class, because the status

of a Securities Broker is not a recognized profession in a field of science or learning or artistic endeavor, and the job duties of a Securities Broker do not require an advanced degree from any institution of higher learning.

60.    Any exemption under the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New York, New Jersey Pennsylvania, Washington, Oregon, Texas and Massachusetts, for executive or administrative personnel, does not apply to the State Law Class Plaintiffs or to the other members of the State Law Class since, among other reasons, their primary duties were not and are not in management and they were not and are not responsible for the supervision of other employees of defendant, nor were their primary duties performance of office work related to management or the internal business operations of defendant, but rather were the sale of financial products to the defendant-employer's customers.

61.    Any exemption under overtime laws of the States and jurisdictions of the United States, including, without limitation, New York, New Jersey Pennsylvania, Washington, Oregon, Texas and Massachusetts, for employees employed in the capacity of outside salesman does not apply because neither the State Law Class Plaintiffs, nor the other members of the State Law Class, were, or are, outside salespersons because the State Law Class Plaintiffs and the other

members of the State Law Class were employed at the defendant's places of business.

62.    As a result of Defendants' employment policies, the State Law Class Plaintiffs and all other members of the State Law Class employed by defendant during the State Law Class Periods, regularly worked and/or work more than 40 hours per week, *i.e.*, overtime, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for overtime, and, as a result thereof, suffered damages.

63.    Defendant violated the rights of their employees in Covered Positions in the States and jurisdictions of the United States, including, without limitation, New York, New Jersey Pennsylvania, Washington, Oregon, Texas and Massachusetts, in violation of NYCRR § 142-2.2 (2005), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, 12, the PMWA, 43 P.S. §333.101, *et seq.*, RCWA §49.46.130, ORS §653.261(1) and OAR §§839-020-0030, Texas Common Law and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B, and the implementing regulations and the public policies articulated therein, by failing to pay the State Law Class Plaintiffs and all other members of the State Law Class overtime pay, as alleged hereinabove.

64.    Therefore, the State Law Class Plaintiffs demand that they and all other members of the State Law Class be paid overtime compensation as required

27 – FIRST AMENDED CONSOLIDATED COLLECTIVE AND CLASS ACTION COMPLAINT

by the overtime laws of the States and jurisdictions of the United States, including, without limitation, NYCRR § 142-2.2 (2005), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, 12, MWA, 43 P.S. §333.101, *et seq.*, RCWA §49.46.130, ORS §653.261(1) and OAR §§839-020-0030, Texas Common Law and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B, for every hour of overtime worked in any workweek during the State Law Class Periods, for which they were not so compensated, plus interest and attorneys fees as provided by law.

## THIRD CLAIM FOR RELIEF

### (Impermissible Deductions from and Charge Backs and Delay in Payments to the State Law Class)

65.    State Law Class Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly, Burkhard Spring, David Bachrach, Peter R. Garrison, Robert Traitz, Edward France, Edward C. Reinhart and Jeffrey Poole repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the Labor Laws of the States and jurisdictions of the United States (except California), including, without limitation, New York, New Jersey Pennsylvania, Washington and Oregon, on behalf of themselves and on behalf of the State Law Class.

66.    The laws of many of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey, Pennsylvania, Washington and Oregon, prohibit an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by law.

67.    For example, New York Labor Law §193 expressly prohibits an employer from making unauthorized deductions from employees' wages; thus, deductions are prohibited unless the deductions are (i) "expressly authorized" by and "for the benefit of the employee" and (ii) are limited to enumerated categories of permissible deductions.    Nowhere in said statute is an employer, such as defendant, authorized to deduct from the pay of employees such as State Law Class Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly and Burkhard Spring, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in New York, wages payable to other employees of defendant.

68.    Similarly, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4 prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute.    Nowhere in the statute is an employer, such as defendant herein, authorized to deduct from the pay of

employees such as State Law Class Plaintiffs David Bachrach, Peter R. Garrison and Robert Traitz, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in New Jersey, wages payable to other employees of defendant.

69.    Further, Pennsylvania law limits employer deductions from employees' pay to certain specifically enumerated circumstances spelled out in the WPCL, 43 P.S. §260.3, and the applicable regulations promulgated by the Secretary of Labor and Industry of the Commonwealth of Pennsylvania. Nowhere in the statute is an employer, such as defendant herein, authorized to deduct from the pay of employees such as State Law Class Plaintiff Edward France, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in Pennsylvania, wages payable to other employees of defendant.

70.    Under Washington law, RCWA 549.52.050, an employer is not permitted to make deductions which are not for the benefit of the employee or specifically allowed under the statute and require the written consent of the employee. Nowhere in the statute is an employer, such as defendant herein, authorized to deduct from the pay of employees such as State Law Class Plaintiff Edward C. Reinhart, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in Washington, wages payable to other employees of defendant or account maintenance fees when those fees were not

30 – First Amended Consolidated Collective and Class Action Complaint

timely paid by the customer, because such charges were not for the benefit of such employees, were not otherwise of a nature allowed under the statute, and were made without the written consent of such employees.

71.    Oregon law, ORS §652.610(3), prohibits an employer from withholding, deducting, or diverting an employee's wages unless certain conditions are met.    Nowhere in the statute is an employer, such as defendant herein, authorized to deduct from the pay of employees such as State Law Class Plaintiff Jeffrey Poole, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in Oregon, wages payable to other employees of defendant or marketing and advertising costs, which deductions do not fall within any of the exceptions set forth in ORS §652.610(3).

72.    Defendant made unlawful deductions from the wages paid to State Law Class Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly, Burkhard Spring, David Bachrach, Peter R. Garrison, Robert Traitz, Edward France, Edward C. Reinhart and Jeffrey Poole and to other members of the State Law Class and/or required said State Law Class Plaintiffs and other members of the State Law Class to pay for expenses which were, as a matter of law, the employer's overhead expenses, including, (a) deductions for amounts paid to Securities Brokers' secretaries or sales assistants for doing the business of defendant and

communicating with customers, (b) deductions for marketing materials promoting defendant's business, (c) deductions for "broken trades," and (d) deductions of the wages paid to "cold callers" hired to obtain business for defendant. A "broken trade" is where a customer challenged a transaction done for his benefit by the Securities Broker and the trade was cancelled. Where the cancellation of the transaction resulted in a loss, defendant deducted the amount of any loss from the commissions due the Securities Broker, both for the actual losses incurred by the customer and any commission paid on that transaction; however, if the cancellation of the transaction resulted in a gain on the transaction, defendant retained the gain for its own benefit.

73.    Thus, State Law Class Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly, Burkhard Spring, David Bachrach, Peter R. Garrison, Robert Traitz, Edward France, Edward C. Reinhart and Jeffrey Poole and the other members of the State Law Class were and are forced to incur expenditures and losses which were and are in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer which have not yet been reimbursed by defendant and were further forced to contribute to the capital and expenses of the defendants' business, which contributions must be refunded

by defendants to each State Law Plaintiff and to the other members of the State Law Class.

74.    The described deductions violate the laws of the States and jurisdictions of the United States, including, without limitation, N.Y. Lab. Law §193, N.J.S.A. 34:11-4.4, WPCL, 43 P.S. §260.3, RCWA 549.52.050 and ORS §652.610(3), because they are neither for the benefit of the employees, nor are they authorized by law, nor are they of a similar type to the deductions allowable under the statute.

75.    The laws of many States and jurisdictions of the United States, including, without limitation, the States of New Jersey (N.J.S.A. 34:11-4.3) and Oregon (ORS §652.140), provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines.  For example, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, requires such payments not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place and ORS §652.140 provides that the failure to pay employees whose employment has terminated the compensation that they were owed within the deadlines set forth in the statute, entitles such former employees to late payment penalties under ORS §652.150.

76.    State Law Class Plaintiffs David Bachrach, Peter R. Garrison, Robert Traitz and Jeffrey Poole and many of the other members of the State Law Class, have terminated their employment with defendant and defendant has not tendered payment and/or restitution of wages owed to them or in the manner required by the laws of said States and jurisdictions of the United States including, without limitation, the States of New Jersey and Oregon, and have thereby caused State Law Class Plaintiffs David Bachrach, Peter R. Garrison, Robert Traitz and Jeffrey Poole and such members of the State Law Class to suffer damages.

77.    Therefore, State Law Class Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Multala, Anthony Palumbo, Mary O'Reilly, Burkhard Spring, David Bachrach, Peter R. Garrison, Robert Traitz, Edward France, Edward C. Reinhart and Jeffrey Poole demand, on behalf of themselves and the other members of the State Law Class, an accounting and reimbursement for all deductions, expenditures or losses charged or incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, plus return of all coerced investments in the business of the employer, in violation of the Labor Laws of New York, New Jersey, Pennsylvania, Washington and Oregon, with interest and attorneys' fees, as provided by law,. and further demand, on behalf of themselves and the other members of the State Law Class, appropriate penalties, if applicable under the

laws of the States and jurisdictions of the United States, including, without limitation, the laws of New Jersey and Oregon, for defendant's failure to timely pay wages during the State Law Class Periods.

WHEREFORE, in accordance with all of the above claims in the First through Third Claims for Relief, inclusive, plaintiffs demand judgment in their favor and in favor of the other members of the Federal Collective Group and the State Law Class and against defendant for:

A.    A Declaration that defendant has violated the FLSA, State Labor Laws and other applicable employment laws;

B.    An Order certifying the Federal Collective Group and designating this action as a collective action pursuant to the FLSA;

C.    An Order certifying the State Law Class and designating this action as a class action pursuant to Fed. R. Civ. P. 23;

D.    An Order appointing plaintiffs and their counsel to represent the Federal Collective Group and the State Law Class, as defined in this Complaint;

E.    Compensatory damages and all other remedies due to the misclassification of the Federal Collective Group and State Law Class, including, but not limited to, restitution for both regular and overtime compensation due plaintiffs and the other members of the Federal Collective Group and the State

Law Class, during the applicable Federal Eligibility Period and the State Law Class Periods plus interest thereon at the statutory rate;

F.    Restitution and reimbursement to the State Law Class Plaintiffs and to the other members of the State Law Class of all employee expenses not reimbursed by defendant, during the State Law Class Periods, including: expenses incurred to pay assistants and other employees of defendant, all commissions charged back to the State Law Class Plaintiffs and to the other members of the State Law Class and/or all other monies either unlawfully deducted from wages or required to be paid back directly by defendant, including any gain on any incomplete or undone trades;

G.    An order requiring defendant to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to plaintiffs and the other members of the Federal Collective Group and the State Law Class;

H.    Imposition of a constructive trust upon the assets of the defendant to the extent of the sums due to plaintiffs and to the other members of the Federal Collective Group and State Law Class;

I.    Declaratory relief including declarations setting forth the rights of plaintiffs and the members of the Federal Collective Group and the State Law

Class as alleged in this Complaint and setting forth the defendant's violations of those rights;

J.      Appropriate penalties to the State Law Class Plaintiffs, and to the other members of the State Law Class, as may be applicable, under the laws of the States and jurisdictions of the United States, including, without limitation, the States of New Jersey and Oregon, for defendant's failure to timely pay wages during the State Law Class Periods;

K.      Interest;

L.      Reasonable attorneys fees and costs of suit; and

M.      Such other and further relief as the Court deems just and equitable, including penalties, liquidated and/or double damages as may be permitted by the laws of the States and jurisdictions of the United States; however, no penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

## **JURY DEMAND**

**Plaintiffs demand a trial by jury for all matters so triable.**

Dated: May 2, 2008                         SWANSON THOMAS & COON


                                           By /s/ James S. Coon
                                             JAMES S. COON
                                           Attorneys for Plaintiff Jeffrey Poole and, as
                                           authorized, as Attorneys for all Plaintiffs


37 – FIRST AMENDED CONSOLIDATED COLLECTIVE AND CLASS ACTION COMPLAINT

Additional Attorneys for the Plaintiffs:[1]

JAMES F. CLAPP
jclapp@sdlaw.com
DOSTART, CLAPP, GORDON &
    COVENEY, LLP
4370 La Jolla Village Drive
Suite 970
San Diego, CA 92122
Tel:  (858) 623-4200
Fax:  (858) 623-4299
Attorneys for Plaintiffs Edward C.
Reinhart and Jeffrey Poole

NORMAN SHABEL
nshabel@shabeldenittis.com
STEPHEN P. DENITTIS
sdenittis@shabeldenittis.com
SHABEL & DENITTIS, P.C.
5 Greentree Centre, Suite 302
Marlton, New Jersey 08053
Tel:  (856) 797-9951
Fax:  (856) 797-9978
Attorneys for Plaintiff Edward France

KENNETH LEHN
klehn@winnebanta.com
EDWARD P. D'ALESSIO
edalessio@winnebanta.com
WINNE, BANTA, HETHERINGTON,
    BASRALIAN & KAHN, P.C.
Court Plaza South
21 Main Street
P.O. Box 647
Hackensack, New Jersey 07601
Tel:  (201) 487-3800
Fax:  (201) 487-8529
Attorneys for Plaintiffs Winsome P.
Carter, James C. Howell, Jeffrey Kemp,
Andrea Loughlin, Henry V. M. Multala,
Burkhard Spring and Robert Traitz

JEFFREY G. SMITH
smith@whafh.com
ROBERT ABRAMS
abrams@whafh.com
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ, LLP
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 545-46 53
Attorneys for Plaintiffs Anthony
Palumbo, Mary O'Reilly and Peter R.
Garrison

---

[1]    The additional attorneys for plaintiffs will, if required by the Local Rules of Civil Practice, or otherwise, seek special admission to practice before this court.

Additional Attorneys for the Plaintiffs:

JERRY K. CIMMET
cimmet@att.net
Attorney at Law
177 Bovet Road, Suite 600
San Mateo, CA 94402
Tel:   (650) 866-4700
Fax:   (650) 866-4770
Attorney for Plaintiffs Winsome P.
Carter, James C. Howell, Jeffrey Kemp,
Andrea Loughlin, Henry V. M. Multala,
Burkhard Spring and Robert Traitz

PHILIP STEPHEN FUOCO
pfuoco@msn.com
JOSEPH OSEFCHEN
josefchen@msn.com
LAW FIRM OF
PHILIP STEPHEN FUOCO
24 Wilkins Place
Haddonfield, New Jersey 08033
Tel:   (856) 354-1100
Attorneys for Plaintiff Edward France

RICHARD GLICKMAN
glickmanlawcorp@yahoo.com
One Maritime Plaza
Suite 1600
San Francisco, CA 94111
Tel:   (415) 362-7685
Fax:   (415) 781-1034
Attorney for Plaintiffs Anthony
Palumbo and Peter R. Garrison

LEON GREENBERG
wagelaw@hotmail.com
Attorney at Law
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
Tel:   (702) 383-6085
Fax:   (702) 385-1827
Attorney for Plaintiff David Bachrach

H. TIM HOFFMAN
hth@hoffmanandlazear.com
ARTHUR W. LAZEAR
awl@hoffmanandlazear.com
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Tel:   (510) 763-5700
Fax:   (510) 835-1311
Attorneys for Plaintiff Jeffrey Poole

JOHN M. KELSON
kelsonlaw@sbcglobal.net
LAW OFFICE OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA  94612
Tel:   (510) 465-1326
Fax:   (510) 465-0871
Attorney for Plaintiffs Winsome P.
Carter, James C. Howell, Jeffrey Kemp,
Andrea Loughlin, Henry V. M. Multala,
Burkhard Spring and Robert Traitz

Additional Attorneys for the Plaintiffs:

MARK THIERMAN
laborlawyer@pacbell.net
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89571
Tel:   (775) 284-1500
Fax:   (775) 703-5027
Attorneys for Plaintiff David Bachrach

MICHAEL P. LYNN, P.C.
mlynn@lynnllp.com
CODY L. TOWNS
ctowns@lynnllp.com
LYNN TILLOTSON & PINKER, LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
Tel:   (214) 981-3800
Fax:   (214) 981-3839
Attorneys for Plaintiff Michael
Wendling

CHRISTOPHER J. GRAY
gray@cjgraylaw.com
LAW OFFICES OF
CHRISTOPHER J. GRAY, P.C.
460 Park Avenue, 21st Floor
New York, New York 10022
Tel:   (212) 838-3221
Fax:   (212) 508-3695
Attorneys for Plaintiff Michael
Wendling

LOUIS F. BURKE
lburke@lfblaw.com
LOUIS F. BURKE, P.C.
460 Park Avenue, 21st Floor
New York, New York 10022
Tel:   (212) 682-1700
Fax:   (212) 808-4280
Attorney for Plaintiff Michael Wendling

JOHN HALEBIAN
jhalebian@lshllp.com
LOVELL STEWART &
      HALEBIAN, LLP
500 Fifth Avenue, 58th Floor
New York, NY 10110
Tel:   (212) 608-1900
Fax:   (212) 719-4677
Attorneys for Plaintiffs Jeffrey Kemp,
Andrea Loughlin, James C. Howell,
Robert Traitz, Burkhard Spring, Henry
V. M. Multala, Winsome P. Carter and
Richard J. Testa, Jr.