Terry E. Sanchez, Cal. SBN 101318, *application for admission*
*pro hac vice pending*
Malcolm A. Heinicke, Cal. SBN 194174, *application for*
*admission pro hac vice pending*
Katherine M. Forster, Cal. SBN 217609, *application for*
*admission pro hac vice pending*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-3702

Leigh Ann Collings Tift, Oregon State Bar No. 05473
LITTLER MENDELSON, P.C.
Columbia Center
701 Fifth Avenue, Suite 6500
Seattle, WA 98104-7097
Telephone:  (206) 381-4905
Facsimile:   (206) 447-6965

Attorneys for Defendant
MERRILL LYNCH, PIERCE, FENNER & SMITH,
INCORPORATED

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY POOLE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, a corporation,<br><br>            Defendant. | Case No. CV-06-1657 HA<br><br>**ANSWER OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** |

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") hereby submits its Answer to Plaintiffs' First Amended Consolidated Collective and Class Action Complaint dated May 23, 2008 (the "FAC"), as follows:

1.      With respect to the allegations of paragraph 1, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

2.      With respect to the allegations of paragraph 2, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.  Further responding, Merrill Lynch states that the phrase "Labor Laws" is vague and ambiguous and on that additional basis denies those allegations. Moreover, Merrill Lynch specifically denies that it committed any wrongful conduct, improper labor practices and/or violated any labor law, including but not limited to the Federal Fair Labor Standards Act, the labor laws of the States of New York, New Jersey, Washington, Oregon and/or Texas, the labor laws of the Commonwealths of Pennsylvania and/or Massachusetts, and/or the labor laws of any other State or jurisdiction of the United States, including the District of Columbia and the Commonwealth of Puerto Rico.  Merrill Lynch also specifically denies that this lawsuit is suitable to be litigated as a collective or class action.

3.      With respect to the allegations of paragraph 3, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these

allegations are denied.  Further responding, Merrill Lynch states that the term

"Defendants" as used in this paragraph is vague and ambiguous and on that additional

basis denies those allegations.  Moreover, Merrill Lynch specifically denies that it failed

to pay overtime for work performed in excess of 40 hours per week where required by

law and/or subjected the Covered Positions to unlawful deductions from their pay and/or

unlawfully compelled than to pay for its business expenses and/or unlawfully charged

them back for commissions and/or the actual value of stock and other losses allegedly

caused by them through simple negligence or through no fault of their own.

       4.       With respect to the allegations of paragraph 4, states that such

allegations consist of statements and/or conclusions of law to which no responsive

pleading is required.  To the extent a response is deemed required, however, these

allegations are denied.  Further responding, Merrill Lynch specifically denies that the

appropriate period for the claims brought on behalf of the Federal Collective Group dates

from February 22, 2003; that the appropriate period for the claims brought on behalf of

the individuals employed by Merrill Lynch in Covered Positions in the State of New

York dates from May 5, 2000; that the appropriate period for the claims brought on

behalf of the individuals employed by Merrill Lynch in Covered Positions in the State of

New Jersey dates from June 20, 2000; that the appropriate period for the claims brought

on behalf of the individuals employed by Merrill Lynch in Covered Positions in the

Commonwealth of Pennsylvania dates from February 22, 2003; that the appropriate

period for the claims brought on behalf of the individuals employed by Merrill Lynch in

Covered Positions in the State of Washington dates from May 9, 2003; that the

appropriate period for the claims brought on behalf of the individuals employed by

Merrill Lynch in Covered Positions in the State of Oregon dates from November 16, 2004; that the appropriate period for the claims brought on behalf of the individuals employed by Merrill Lynch in Covered Positions in the State of Texas dates from October 25, 2002; and that the appropriate period for the claims brought on behalf of the individuals employed by Merrill Lynch in Covered Positions in the Commonwealth of Massachusetts dates from September 24, 2001.[1] Merrill Lynch also specifically denies that this lawsuit is suitable to be litigated as a collective or class action.

       5.      With respect to the allegations of paragraph 5, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Merrill Lynch states that the phrase "Labor Laws" is vague and ambiguous and on that additional basis denies those allegations. Moreover, Merrill Lynch specifically denies that it committed any violation of any labor law, including but not limited to the FLSA, the labor laws of each of the jurisdictions of the United States, including the District of Columbia and the Commonwealth of Puerto Rico, including, without limitation, the labor laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and/or Massachusetts. Merrill Lynch also denies that Plaintiffs or other members of the Federal Collective Group or the State Law Class was unlawfully under-compensated for their work. Merrill Lynch also specifically denies that this lawsuit is suitable to be litigated as a collective or class action.

---

[1] As set forth above, Merrill Lynch denies that the eligibility and/or class periods defined in the FAC are appropriate and that this lawsuit is suitable to be litigated as a collective or class action. Nevertheless, for ease of understanding, Merrill Lynch uses the phrases "Federal Eligibility Period," "State Law Class Periods," "Federal Collective Group" and "State Law Class" herein as they are defined in the FAC.

6.      With respect to the allegations of paragraph 6, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

7.      With respect to the allegations of paragraph 7, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, Merrill Lynch admits that it has offices located in this District and states that it is without information sufficient to form a belief as to the truth of the allegation that many of the acts complained of occurred in this District and, on that basis, denies that allegation.

8.      With respect to the allegations of paragraph 8, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, Merrill Lynch admits that during the Federal Eligibility Period it employed Plaintiffs Henry V. M. Mutala, Mary O'Reilly, Peter R. Garrison, Robert Traitz, Edward France, Edward C. Reinhart, Jeffrey Poole, Michael Wendling and Richard J. Testa, Jr., in one or more Covered Positions in the United States.  Further responding, Merrill Lynch states that it is without information sufficient to form a belief as to the truth of the following allegations and, on that basis, denies those allegations: that during the Federal Eligibility Period, Henry V. M. Mutala and Mary O'Reilly were residents and citizens of New York; Peter R. Garrison and Robert Traitz were residents and citizens of New Jersey; Edward France was a resident and citizen of Pennsylvania; Edward C. Reinhart was a resident and citizen of Washington; Jeffrey Poole was a resident and citizen of Oregon; Michael Wendling

was a resident and citizen of Texas; and Richard J. Testa, Jr., was a resident and citizen of Massachusetts.

9.      With respect to the allegations of paragraph 9, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, Merrill Lynch admits that during the respective pertinent State Law Class Periods, it employed in one or more Covered Positions Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Mutala, Anthony Palumbo, Mary O'Reilly and Burkhard Spring in the State of New York; David Bachrach, Peter R. Garrison and Robert Traitz in the State of New Jersey; Edward France in the Commonwealth of Pennsylvania; Edward C. Reinhart in the State of Washington; Jeffrey Poole in the State of Oregon; Michael Wendling in the State of Texas; and Richard J. Testa, Jr., in the Commonwealth of Massachusetts.

10.      With respect to the allegations of paragraph 10, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that during the Federal Eligibility Period and the State Law Class Periods it was and still is a Delaware corporation with its headquarters in the State of New York, and it has offices nationwide, including the District of Columbia and Puerto Rico, and including New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts.  Further responding, Merrill Lynch states that at all relevant times it was and is a NASD/FINRA registered

firm that conducts business at its office locations and employed Plaintiffs as set forth in its response to paragraph 9 above.

11.     With respect to the allegations of paragraph 11, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, and specifically Merrill Lynch denies that this matter may be litigated as a collective action.

12.     With respect to the allegations of paragraph 12, denies these allegations except states that Merrill Lynch has over 15,000 employees in Covered Positions in the United States, including the District of Columbia and Puerto Rico, and that the total number of employees in Covered Positions in the Federal Collective Group during the Federal Eligibility Period exceeds that number.

13.     With respect to the allegations of paragraph 13, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that the Federal Collective Group Plaintiffs worked for Merrill Lynch in Covered Positions during the Federal Eligibility Period.  Further responding, Merrill Lynch states that the Federal Collective Group Plaintiffs were not eligible to receive premium overtime compensation because they did not work overtime and/or were properly classified as exempt employees.

14.     With respect to the allegations of paragraph 14, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these

allegations are denied, except Merrill Lynch admits that the Federal Collective Group
Plaintiffs worked for Merrill Lynch in Covered Positions during the Federal Eligibility
Period.  Further responding, Merrill Lynch states that the Federal Collective Group
Plaintiffs were not eligible to receive premium overtime compensation because they were
properly classified as exempt employees.

      15.     With respect to the allegations of paragraph 15, states that such
allegations consist of statements and/or conclusions of law to which no responsive
pleading is required.  To the extent a response is deemed required, however, these
allegations are denied.

      16.     With respect to the allegations of paragraph 16, states that such
allegations consist of statements and/or conclusions of law to which no responsive
pleading is required.  To the extent a response is deemed required, however, these
allegations are denied, and specifically Merrill Lynch denies that this matter may be
litigated as a class action.

      17.     With respect to the allegations of paragraph 17, denies these
allegations except states that Merrill Lynch had thousands of employees in Covered
Positions in the United States during the State Law Class Periods.

      18.     With respect to the allegations of paragraph 18, states that such
allegations consist of statements and/or conclusions of law to which no responsive
pleading is required.  To the extent a response is deemed required, however, these
allegations are denied.

      19.     With respect to the allegations of paragraph 19 and each of its
subparts, states that such allegations consist of statements and/or conclusions of law to

which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

    20.    With respect to the allegations of paragraph 20, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

    21.    With respect to the allegations of paragraph 21, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

    22.    With respect to the allegations of paragraph 22, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

    23.    With respect to the allegations of paragraph 23, denies these allegations except states that Merrill Lynch is a financial services firm with offices nationwide.

    24.    With respect to the allegations of paragraph 24, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that Plaintiffs were not eligible to receive premium overtime pay because they were properly classified as exempt employees.

25.     With respect to the allegations of paragraph 25, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

26.     With respect to the allegations of paragraph 26, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that the calculation of incentive compensation for its Financial Advisors included potential adjustments for, among other things, losses due to the reversal of transactions as a result of trading errors committed by Financial Advisors.

27.     With respect to the allegations of paragraph 27, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

28.     With respect to the allegations of paragraph 28, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

29.     With respect to the allegations of paragraph 29, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

5222245.1

30.     With respect to the allegations of paragraph 30, repeat and reallege the applicable responses contained herein.

31.     With respect to the allegations of paragraph 31, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

32.     With respect to the allegations of paragraph 32, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

33.     With respect to the allegations of paragraph 33, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

34.     With respect to the allegations of paragraph 34, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

35.     With respect to the allegations of paragraph 35, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

36.     With respect to the allegations of paragraph 36, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

37.     With respect to the allegations of paragraph 37, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

38.     With respect to the allegations of paragraph 38, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that the Federal Collective Group Plaintiffs and other members of the Federal Collective Group were not and are not outside salespersons as defined under the FLSA.

39.     With respect to the allegations of paragraph 39, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

40.     With respect to the allegations of paragraph 40, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

41.     With respect to the allegations of paragraph 41, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

42.     With respect to the allegations of paragraph 42, states that such allegations consist of statements and/or conclusions of law to which no responsive

pleading is required. To the extent a response is deemed required, however, these allegations are denied.

43.     With respect to the allegations of paragraph 43, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that the Federal Collective Group Plaintiffs were not eligible to receive premium overtime compensation because they did not work overtime and/or were properly classified as exempt employees at all relevant times.

44.     With respect to the allegations of paragraph 44, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

45.     With respect to the allegations of paragraph 45, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

46.     With respect to the allegations of paragraph 46, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

47.     Denies that the Federal Collective Group Plaintiffs and/or members of the Federal Collective Group are entitled to the relief they claim is due in

paragraph 47.  Further responding, Merrill Lynch states that the phrase "in any work week for which they were not compensated" as used in this paragraph is vague and ambiguous and, on that additional basis, denies these allegations.

48.    With respect to the allegations of paragraph 48, repeat and reallege the applicable responses contained herein.  Further responding, the allegation regarding "the following claim for relief under the Labor Laws of the States and jurisdictions of the United States (except California) including, without limitation, New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and Massachusetts, on behalf of themselves and on behalf of the State Law Class" consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

49.    With respect to the allegations of paragraph 49, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that the State Law Class Plaintiffs and/or other members of the State Law Class were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

50.    With respect to the allegations of paragraph 50, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that Plaintiffs Winsome P. Carter, James C. Howell, Jeffrey Kemp, Andrea Loughlin, Henry V. M. Mutala, Anthony

Palumbo, Mary O'Reilly and Burkhard Spring and/or other members of the State Law Class employed in Covered Positions in New York were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

51.    With respect to the allegations of paragraph 51, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that Plaintiffs David Bachrach, Peter R. Garrison and Robert Traitz and/or other members of the State Law Class employed in Covered Positions in New Jersey were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

52.    With respect to the allegations of paragraph 52, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that plaintiff Edward France and/or other members of the State Law Class employed in Covered Positions in Pennsylvania were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

53.    With respect to the allegations of paragraph 53, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these

allegations are denied, except Merrill Lynch states that plaintiff Edward C. Reinhart and/or other members of the State Law Class employed in Covered Positions in Washington were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

54.    With respect to the allegations of paragraph 54, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that plaintiff Jeffrey Poole and/or other members of the State Law Class employed in Covered Positions in Oregon were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

55.    With respect to the allegations of paragraph 55, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that plaintiff Michael Wendling and/or other members of the State Law Class employed in Covered Positions in Texas were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

56.    With respect to the allegations of paragraph 56, states that such allegations consist of statements and/or conclusions of law to which no responsive

pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch states that plaintiff Richard J. Testa, Jr., and/or other members of the State Law Class employed in Covered Positions in Massachusetts were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

57.    With respect to the allegations of paragraph 57, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

58.    With respect to the allegations of paragraph 58, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

59.    With respect to the allegations of paragraph 59, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

60.    With respect to the allegations of paragraph 60, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

61.    With respect to the allegations of paragraph 61, states that such allegations consist of statements and/or conclusions of law to which no responsive

pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that the State Law Class Plaintiffs and other members of the State Law Class were not and are not outside salespersons as defined under the overtime laws of New York, New Jersey, Pennsylvania, Washington, Oregon, Texas and/or Massachusetts.

62.    With respect to the allegations of paragraph 62, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that its Financial Advisors were compensated by a salary and incentive compensation. Further responding, Merrill Lynch states that the State Law Class Plaintiffs and all other members of the State Law Class were not eligible to receive premium overtime compensation because they did not work any uncompensated overtime and/or were properly classified as exempt employees at all relevant times.

63.    With respect to the allegations of paragraph 63, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

64.    Denies that the State Law Class Plaintiffs and/or members of the State Law Class are entitled to the relief they claim is due in paragraph 64.

65.    With respect to the allegations of paragraph 65, repeat and reallege the applicable responses contained herein. Further responding, the allegation regarding "the following claim for relief under the Labor Laws of the States and jurisdictions of the

United States (except California) including, without limitation, New York, New Jersey, Pennsylvania, Washington and Oregon, on behalf of themselves and on behalf of the State Law Class" consists of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

   66. With respect to the allegations of paragraph 66, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

   67. With respect to the allegations of paragraph 67, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

   68. With respect to the allegations of paragraph 68, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

   69. With respect to the allegations of paragraph 69, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

   70. With respect to the allegations of paragraph 70, states that such allegations consist of statements and/or conclusions of law to which no responsive

pleading is required. To the extent a response is deemed required, however, these allegations are denied.

71.     With respect to the allegations of paragraph 71, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

72.     With respect to the allegations of paragraph 72, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Merrill Lynch admits that the calculation of incentive compensation for its Financial Advisors included potential adjustments for, among other things: amounts payable pursuant to the Merrill Lynch Supplemental Compensation and/or Fully Supported Client Associate Programs, in which Financial Advisors could voluntarily participate; marketing expenses that Financial Advisors voluntarily sought to incur over and above the necessary marketing materials and resources provided by the Firm; and losses due to the reversal of transactions as a result of trading errors committed by Financial Advisors.

73.     With respect to the allegations of paragraph 73, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

74.     With respect to the allegations of paragraph 74, states that such allegations consist of statements and/or conclusions of law to which no responsive

pleading is required. To the extent a response is deemed required, however, these allegations are denied.

75.     With respect to the allegations of paragraph 75, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

76.     With respect to the allegations of paragraph 76, states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

77.     Denies that the State Law Class Plaintiffs and/or members of the State Law Class are entitled to the relief they claim is due in paragraph 77.

78.     Denies that Plaintiffs and/or the Federal Collective Group and/or the State Law Class are entitled to judgment in their favor and/or the relief they claim is due in paragraph 77 and/or each of its subparts.

## AFFIRMATIVE DEFENSES

Merrill Lynch asserts the following separate and independent affirmative defenses:

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

1.     Each cause of action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

2.    Each cause of action in the Complaint is barred, in whole or in part, by the relevant statute of limitations, including but not limited to 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(3); N.Y. Lab. Law § 198(3); N.J.S.A. 34:11-56a25.1; 43 Pa. Stat. Ann. § 260.9a(g); RCW 4.16.080(3); RCW 4.16.115; M.G.L. ch. 151, § 20A; M.G.L. ch. 260, § 2; M.G.L. ch. 260, § 2A; ORS 12.110; ORS 12.080; ORS 12.100(2); and/or Tex. Rev. Civ. Stat. Ann., art. 5527.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

3.    Each cause of action in the Complaint is barred, in whole or in part, because at all relevant times Plaintiffs and others allegedly similarly situated were exempt from entitlement to overtime compensation under the exemptions set forth in sections 7 and 13 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., respectively, and in the applicable labor laws of the States and jurisdictions of the United States, including, but not limited to, the exemptions for employees working in a "retail or service establishment," "bona fide administrative capacity," "bona fide executive capacity," "bona fide professional capacity, " or as "commissioned employees."

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

4.    Each cause of action is barred, in whole or in part, because to the extent that Plaintiffs allege that their job duties and the duties of others allegedly similarly situated were primarily non-exempt in nature, the duties that Merrill Lynch

5222245.1

22

required and reasonably expected Plaintiffs and others allegedly similarly situated to perform were primarily exempt in nature.

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

5.     Each cause of action in the Complaint is barred, in whole or in part, by the unavailability of the damages requested, including without limitation, the unavailability of damages and/or attorney fees. Specifically, and among other things, claims for liquidated damages are precluded by the "good faith" defenses set forth under applicable law, including but not limited to 29 U.S.C. § 260, 29 C.F.R. § 790.22(b) and Pennsylvania's WPCL, 43 Pa. Stat. Ann. § 260.10.

**AS AND FOR A**
**SIXTH AFFIRMATIVE DEFENSE**

6.     Each cause of action is barred, in whole or in part, because to the extent Merrill Lynch engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal law and/or applicable state law.

**AS AND FOR A**
**SEVENTH AFFIRMATIVE DEFENSE**

7.     No penalties are due Plaintiffs as any failure to pay wages was the result of mistake or inadvertence; failure to pay wages under such circumstances is not willful within the meaning of applicable law, including but not limited to N.J.S.A. 34:11-4.10, ORS 652.140 and/or ORS 652.150.

**AS AND FOR AN**
**EIGHTH AFFIRMATIVE DEFENSE**

8.     Each cause of action is barred, in whole or in part, because to the extent Merrill Lynch engaged in any alleged wrongful conduct, such conduct was

undertaken in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy of the Administrator of the Wage and Hour Division of the Department of Labor and/or similar agencies of the States and jurisdictions of the United States under the laws of which Plaintiffs' claims arise, including but not limited to the Commissioner of the New Jersey Department of Labor and Industry or the Director of the Wage and Hour Bureau.

### AS AND FOR A
### NINTH AFFIRMATIVE DEFENSE

9.      Each cause of action is barred, in whole or in part, because some or all of the time for which Plaintiffs and others allegedly similarly situated seek overtime compensation is not compensable working time under federal law and/or any other applicable law.

### AS AND FOR A
### TENTH AFFIRMATIVE DEFENSE

10.     Each cause of action is barred, in whole or in part, because to the extent that Plaintiffs allege that their wages, and the wages of others allegedly similarly situated, were subject to unlawful deductions, any such deductions were payments for their benefit of a type similar to those enumerated under applicable law, including but not limited to section 193 of the New York Labor Law, 34 Pa. Code. § 9.1 and/or ORS 652.610.

### AS AND FOR AN
### ELEVENTH AFFIRMATIVE DEFENSE

11.     Each cause of action is barred, in whole or in part, because to the extent that Plaintiffs allege that their wages, and the wages of others allegedly similarly

5222245.1

24

situated, were subject to unlawful withholding or diverting, any such withholding or

diverting does not violate N.J.S.A. 34:11-4.4 or any similar applicable law.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

12.    To the extent that Plaintiffs allege that their wages were subject to

unlawful deductions, without admitting any wrongdoing by Merrill Lynch, any such

deductions were for the purchase or replacement by them from Merrill Lynch of goods,

services or similar items and were authorized by Plaintiffs in writing pursuant to

applicable law, including but not limited to 34 Pa. Code. § 9.1 and/or ORS 652.610.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

13.    To the extent that Plaintiffs alleges that their wages were subject to

unlawful deductions, without admitting any wrongdoing by Merrill Lynch, any such

deductions were authorized in writing by Plaintiffs, are subject to review and approval

by the Pennsylvania Department of Labor and Industry or a similar agency of any State

or jurisdiction of the United States under the laws of which Plaintiffs' claims arise and

are permissible with such approval.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

14.    To the extent deductions from salary not allowed by the

administrative, executive, and professional exemptions have been made (which Merrill

Lynch denies), Merrill Lynch reserves the right to avail itself of the window of

correction defense provided by applicable law, including but not limited to WAC 296-

128-532(5), upon the issue being brought to Merrill Lynch's attention.

**AS AND FOR A**
**FIFTEENTH AFFIRMATIVE DEFENSE**

15.      The claims of Plaintiffs and others alleged to be similarly situated under Chapter 49.52 RCW (the Washington "Anti-Kickback Statute") relating to alleged impermissible deductions from wages are barred, in whole or in part, because, among other reasons: (a) no impermissible deductions were taken from wages, (b) to the extent any impermissible deductions were taken from wages (which Merrill Lynch denies), they were at all material times taken based on a good faith belief that the individual was lawfully indebted to Merrill Lynch for the amount deducted, (c) to the extent any otherwise impermissible deductions were taken from wages (which Merrill Lynch denies), some were authorized by the safe harbor provision in RCW 49.52.060 because they were expressly authorized in writing and in advance for a lawful purpose for the benefit of the employee and Merrill Lynch did not derive any financial profit or benefit from them, (d) a bona fide dispute exists as to the validity of the claims, (e) Merrill Lynch had reached no organizational consensus that any wages were being improperly withheld, (f) the individuals involved knowingly submitted to the alleged violations, and/or (g) the Anti-Kickback Statute does not apply to final wages.

**AS AND FOR A**
**SIXTEENTH AFFIRMATIVE DEFENSE**

16.      The claims of Plaintiffs and others alleged to be similarly situated for double damages, costs and attorney's fees under the Washington Anti-Kickback Statute are barred, in whole or in part, because (a) no impermissible deductions were taken from wages, (b) a bona fide dispute exists as to the validity of the claims, (c) Merrill Lynch had reached no organizational consensus that any wages were being

5222245.1

26

improperly withheld, and/or (d) the individuals involved knowingly submitted to the alleged violations.

**AS AND FOR A**
**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    The claims of Plaintiff and others alleged to be similarly situated under WAC § 296-126-028 (the Washington "Current Pay Regulation") are barred to the extent they arose before January 1, 2006, when that regulation first became effective.

**AS AND FOR A**
**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    The claims of Plaintiff and others alleged to be similarly situated under the Washington Current Pay Regulation are barred, in whole or in part, because, among other reasons (a) no impermissible deductions were taken from wages during on-going employment, and/or (b) to the extent any deductions were taken from wages during on-going employment (which Merrill Lynch denies), some were expressly authorized in writing and in advance for a lawful purpose for the benefit of the employee and Merrill Lynch did not derive any financial profit or benefit from them

**AS AND FOR A**
**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Each cause of action is barred, in whole or in part, because to the extent Merrill Lynch made any payroll errors, it is entitled to correct such errors.

**AS AND FOR A**
**TWENTIETH AFFIRMATIVE DEFENSE**

20.    The claims of Plaintiff and others alleged to be similarly situated under RCW 49.48.010 (the Washington "Final Pay Statute") are barred because, among other reasons (a) no impermissible deductions were taken from final wages, and/or (b)

5222245.1

to the extent any deductions were taken from final wages, the deductions were specifically agreed upon orally or in writing in advance.

## AS AND FOR A
## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     To the extent that Plaintiff and others alleged to be similarly situated assert claims under WAC 296-126-025 (the Washington "Final Pay Regulation"), those claims are barred, in whole or in part, because, among other reasons (a) at all material times Plaintiff and others alleged to be similarly situated were employed in a bona fide administrative, professional or executive capacity, and were thus exempt from the Final Pay Regulation, (b) the current terms of the Final Pay Regulation do not apply to any claims that arose before January 1, 2006, when those current terms first became effective, (c) no deductions were taken from final wages, and/or (d) to the extent any deductions were taken from final wages, the deductions were for payments to a creditor (Merrill Lynch) and were authorized by the employee orally or in writing in advance to pay a sum for the benefit of the employee.

## AS AND FOR A
## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Each cause of action in the Complaint is barred, in whole or in part, because to the extent that Merrill Lynch paid Plaintiff or others allegedly similarly situated any wages due later than the regular payday for the pay period during which their termination, suspension or cessation of employment took place, it was entitled to do so under N.J. Stat. Ann. § 34:11-4.3, which permits employers to pay employees compensated in part or in full by an incentive system a reasonable approximation of all wages due until the exact amounts due can be computed, and other applicable laws.

## AS AND FOR A
## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    No penalties are due Plaintiffs as any failure to pay wages was the result of mistake or inadvertence, and under such circumstances was not willful within the meaning of ORS 652.140 and/or 652.150 and/or other applicable laws.

## AS AND FOR A
## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Each cause of action in the Complaint is barred, in whole or in part, because to the extent that Merrill Lynch failed to maintain an exact record of the total hours worked each day, it was entitled to do so under applicable law, including N.J. Admin. Code § 12:56-4.3, which permits employers to keep a record showing the fixed schedule of work hours that employees are expected to follow and merely indicate each workweek that the schedule was followed.

## AS AND FOR A
## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Each cause of action in the Complaint is barred, in whole or in part, because Plaintiffs cannot complain of a failure to be paid correctly, or that Merrill Lynch willfully withheld wages, to the extent that Plaintiffs failed, refused or neglected to accurately report hours worked.

## AS AND FOR A
## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiffs and others alleged to be similarly situated have failed to protect themselves from avoidable consequences.

5222245.1

29

**AS AND FOR A**
**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     Plaintiffs' non-statutory claims are barred, in whole or in part,

because Plaintiffs cannot recover for both breach of contract and unjust enrichment.

**AS AND FOR A**
**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     Plaintiffs' non-statutory claims are barred, in whole or in part,

because Plaintiffs and others allegedly similarly situated to them were employed at will.

**AS AND FOR A**
**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     Plaintiffs' non-statutory claims are barred, in whole or in part,

because the FLSA and its specific provisions preempt state law that might otherwise

provide additional remedies for breach of the FLSA.

**AS AND FOR A**
**THIRTIETH AFFIRMATIVE DEFENSE**

30.     Each cause of action is barred, in whole or in part, because at all

material times, Merrill Lynch paid Plaintiffs and others allegedly similarly situated to

them all sums of money to which they were entitled as employees.

**AS AND FOR A**
**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     Each cause of action is barred, in whole or in part, because

Plaintiffs and others allegedly similarly situated have not sustained any injury or

damage by reason of any act or omission of Merrill Lynch.

**AS AND FOR A**
**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     Each cause of action is barred, in whole or in part, because if

Plaintiffs and others allegedly similarly situated were damaged in any way as a result of

5222245.1

the matters alleged in the Complaint, the damage or injury was due wholly to their own conduct.

## AS AND FOR A
## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Each cause of action is barred, in whole or in part, because to the extent that Plaintiffs and others allegedly similarly situated engaged in dishonest, willful or grossly negligent misconduct, Merrill Lynch was entitled to set off any losses due to such conduct against their wages or other compensation.

## AS AND FOR A
## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Each cause of action is barred, in whole or in part, because Plaintiffs lack standing to pursue the claim.

## AS AND FOR A
## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Each cause of action is barred, in whole or in part, because to the extent that Plaintiffs and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Merrill Lynch, such additional compensation would satisfy in whole or part any alleged claim for unpaid overtime or other monetary relief.

## AS AND FOR AN
## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Each cause of action is barred, in whole or in part, because upon information and belief, Merrill Lynch alleges that Plaintiffs and others allegedly similarly situated are barred and precluded from any relief on their Complaint because they have failed and refused to mitigate their damages, if any.

## AS AND FOR A
## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Each cause of action is barred, in whole or in part, because Plaintiffs' claims are subject to mandatory arbitration. Specifically, Plaintiffs have executed agreements to arbitrate any claims arising from their employment, and the claims pled fall within this description.

## AS AND FOR A
## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Each cause of action is barred, in whole or in part, because Plaintiffs cannot establish that any of their claims are appropriate to proceed on a class, representative and/or collective action basis.

## AS AND FOR A
## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     Each cause of action is barred, in whole or in part, because Plaintiffs' claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

## AS AND FOR A
## FORTIETH AFFIRMATIVE DEFENSE

40.     The claims of Plaintiffs and others alleged to be similarly situated for pre-judgment interest are barred because the claims are neither liquidated nor otherwise capable of calculation with exactness.

## AS AND FOR A
## FORTY-FIRST AFFIRMATIVE DEFENSE

41.     To the extent that Plaintiffs and others alleged to be similarly situated assert claims for injunctive relief, those claims are barred, in whole or in part,

because Plaintiff and others alleged to be similarly situated have an adequate remedy at law.

**AS AND FOR A**
**FORTY-SECOND AFFIRMATIVE DEFENSE**

42.    Some of the claims of Plaintiffs and others alleged to be similarly situated asserted are frivolous and subject to RCW 4.84.185 and similar applicable laws of the States and jurisdictions of the United States under the laws of which Plaintiffs' claims arise.

**AS AND FOR A**
**FORTY-THIRD AFFIRMATIVE DEFENSE**

43.    Plaintiffs and others alleged to be similarly situated received compensation that included, among other things, a fixed salary not subject to deduction due to the quantity or quality of the work performed, plus incentive compensation; therefore, in the event Plaintiffs or others are not deemed exempt from overtime, Merrill Lynch's liability for overtime premiums is limited to payment of one-half of the regular rate for each hour of overtime worked, if any.

**AS AND FOR A**
**FORTY-FOURTH AFFIRMATIVE DEFENSE**

44.    Each cause of action in the Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

Merrill Lynch states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Merrill Lynch reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

5222245.1

WHEREFORE, Merrill Lynch respectfully requests that judgment be entered:    1.  Dismissing the Complaint with prejudice;

2.  Granting Merrill Lynch its costs and attorneys fees incurred herein pursuant to relevant statutes; and

3.  Granting Merrill Lynch such other and further relief as the Court may deem just and proper.

Dated:  June 9, 2008                         LITTLER MENDELSON, P.C.


By:        _____/s/_____

Leigh Ann Collings Tift
Oregon State Bar No. 05473
600 University Street
Suite 3200
Seattle, WA 98101-3122
Telephone:  (206) 381-4905
Facsimile:   (206) 447-6965

MUNGER, TOLLES & OLSON LLP
Terry E. Sanchez, Cal. SBN 101318,
*application for admission pro hac vice pending*
Malcolm A. Heinicke, Cal. SBN 194174,
*application for admission pro hac vice pending*
Katherine M. Forster, Cal. SBN 217609,
*application for admission pro hac vice pending*
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 683-3702

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I caused the **ANSWER OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| **James F Clapp** | **James S. Coon** |
| jclapp@sdlaw.com | **Swanson Thomas & Coon** |
| **Marita Murphy Lauinger** | **820 S.W. Second Avenue** |
| mlauinger@sdlaw.com | **Suite 200** |
| **Dostart Clapp Gordon & Coveney, LLP** | **Portland, OR 97204** |
| **4370 La Jolla Village Drive** | **(503) 228-5222** |
| **Suite 970** | **Fax: (503) 273-9175** |
| **San Diego, CA 92122** | **Email: jcoon@stc-law.com** |
| **(858) 623-4200** | |
| **Fax: (858) 623-4299** | |

On this date, I caused the above document to also be sent via email to:

**Katherine M. Forster,** CAL. SBN 217609, *application for admission pro hac vice pending*
**MUNGER, TOLLES & OLSON LLP**
**355 South Grand Avenue, 25th Floor**
**Los Angeles, CA 90071**
**Telephone: 213.683.9100**
**Facsimile: 213.683.3702**
**Katherine.Forster@mto.com**

DATED:  June 9, 2008

/s/ Savanna L. Stevens
Savanna L. Stevens
sstevens@littler.com

Certificate of Service-1