1  JAMES S. COON
   (Oregon State Bar No. 77145)
2  jcoon@stc-law.com
   SWANSON THOMS & COON
3  820 S.W. Second Avenue, Ste. 200
   Portland, Oregon 97204
4  Tel:  (503) 228-5222; Fax:  (503) 273-9175

5  Attorneys for Plaintiffs JEFFREY POOLE
   [Additional Attorneys follow signature page]
6
7  TERRY E. SANCHEZ (State Bar No. 101318)
   MALCOLM A. HEINICKE (State Bar No. 194174)
8  KATHERINE M. FORSTER (State Bar No. 217609)
   MUNGER, TOLLES & OLSON LLP
9  355 South Grand Avenue, 35th Floor
   Los Angeles, California 90071-1560
10  Tel:  (213) 683-9100, Fax: (213) 687-3702

11 Leigh Ann Collings Tift
   (Oregon State Bar 05473)
12 LITTLER MENDELSON, PC
   701 Fifth Street, Suite 6500
13 Seattle, Washington 98104-7097
   Tel: (206) 623-3300; Fax: (206) 447-6965

14 Attorneys for Defendant
   MERRILL LYNCH, PIERCE, FENNER & SMITH
15 INCORPORATED

16

17              UNITED STATES DISTRICT COURT
                   DISTRICT OF OREGON
18

19 JEFFREY POOLE, WINSOME P.            DOCKET NO.  3:06-cv-01657-HA
   CARTER, JAMES C. HOWELL,
20 JEFFREY KEMP, ANDREA LOUGHLIN,       **JOINT STIPULATION OF SETTLEMENT
   HENRY V. M. MULTALA, ANTHONY         OF CLASS ACTION AND RELEASE;**
21 PALUMBO, MARY O'REILLY,
   BURKHARD SPRING, DAVID               **[PROPOSED] ORDER GRANTING
22 BACHRACH, PETER R. GARRISON,         PRELIMINARY APPROVAL (EXHIBIT 1)**
   ROBERT TRAITZ, EDWARD FRANCE,
23 EDWARD C. REINHART, MICHAEL          **[PROPOSED] ORDER RE: SETTLEMENT
   WENDLING and RICHARD J. TESTA,       FORMULA FOR ALLOCATION AND
24 JR., on behalf of themselves, the general   APPROVING MAILING OF CLASS
   public, and all others similarly situated,   NOTICE AND SETTING SETTLEMENT
25                                       HEARING (EXHIBIT 2);**
26              Plaintiff,
27
          v.
28

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)



1
2    MERRILL LYNCH, PIERCE, FENNER &
     SMITH, INCORPORATED, a corporation,

3                        Defendant.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] NOTICE TO CLASS
MEMBERS (EXHIBIT 3);**

**[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF SETTLEMENT
(EXHIBIT 4); AND**

**[PROPOSED] JUDGMENT (EXHIBIT 5)**

3805990.3

1    This Joint Stipulation of Settlement of Class Action and Release ("Agreement" or

2  "Settlement") is entered into between Plaintiffs David Bachrach ("Bachrach"), Edward France

3  ("France"), Peter Garrison ("Garrison"), James C. Howell ("Howell"), Burkhard Spring

4  ("Spring"), Henry V.M. Multala ("Multala"), Winsome P. Carter ("Carter"), Andrea Loughlin

5  ("Loughlin"), Jeffrey Kemp ("Kemp"), Anthony Palumbo ("Palumbo"), Mary O'Reilly

6  ("O'Reilly"), Jeffrey Poole ("Poole"), Edward C. Reinhart ("Reinhart"), Robert Traitz ("Traitz")

7  Richard J. Testa, Jr. ("Testa") and Michael Wendling ("Wendling") (collectively, "the Settling

8  Named Plaintiffs" or "Class Representatives."), individually and as class representatives on

9  behalf of the settlement class defined in Section V, Paragraph 1.2 of this Agreement, on the one

10 hand, and Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), on

11 the other hand.  The settlement class and Merrill Lynch will be referred to collectively as the

12 "Settling Parties."

13

14    IT IS HEREBY STIPULATED AND AGREED by and between the Settling

15 Parties as set forth below:

16 I.    Recitals And The Nature Of The Litigation.

17    A.    Merrill Lynch is a full-service securities firm with offices located throughout the

18 United States and with its principal place of business in New York, New York.

19    B.    Jeffrey Poole was employed by Merrill Lynch as a Financial Advisor in the State

20 of Oregon and is the named Plaintiff in an action pending in the United States District Court for

21 the District of Oregon entitled Jeffrey Poole v. Merrill Lynch, Pierce, Fenner & Smith

22 Incorporated, Case No. CV-06-1657 (the "Poole Action").  Generally, the Poole Action alleges

23 that Financial Advisors (as defined in Section V, ¶ 1.10 herein) employed anywhere in the United

24 States (but excluding California) are owed overtime pay, as well as related damages, penalties,

25 liquidated damages and interest because Merrill Lynch allegedly misclassified those individuals

26 as "exempt" employees in violation of the Fair Labor Standards Act of 1938, as amended, 29

27 U.S.C. § 201 et seq. ("FLSA") and Oregon law.  In addition, the Poole Action alleges that Merrill

28 Lynch made improper deductions from its Oregon Financial Advisors' wages and/or failed, under

3805990.3

- 1 -

1   Oregon law, to reimburse its Oregon Financial Advisors for various expenses they incurred in the

2   course of their jobs, including, without limitation, deductions for losses due to trading errors,

3   advertising and promotional expenses, wages paid to their support staff and other allegedly

4   business-related expenses which were incurred by Oregon Financial Advisors but not reimbursed

5   by Merrill Lynch.

6        C.    Bachrach, France, Garrison, Howell, Spring, Multala, Carter, Loughlin, Kemp,

7   Palumbo, O'Reily, Reinhart, Traitz, Testa, and Wendling were also employed by Merrill Lynch

8   as Financial Advisors in the United States but outside of California. These Plaintiffs are currently

9   prosecuting the following actions against Merrill Lynch (collectively the "Other Pending

10  Actions"), all of which allege claims on behalf of certain groups of Financial Advisors employed

11  by Merrill Lynch which are substantially similar to, and in some cases overlap with, each other

12  and the allegations and claims asserted in the Poole Action.

13        1.    David Bachrach v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,

14  U.S. District Court, District of New Jersey, Case No. 06-CV-02786;

15        2.    Edward France v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,

16  U.S. District Court, Eastern District of Pennsylvania, Case No. 2:06-CV-00782.

17        3.    Peter Garrison v. Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce,

18  Fenner & Smith Incorporated, U.S. District Court, District of New Jersey, Case No. 06-CV-

19  03553.

20        4.    James Howell, Burkhard Spring, Henry Multala and Winsome Carter v.

21  Merrill Lynch, Pierce, Fenner & Smith Incorporated, U.S. District Court, Eastern District of New

22  York, Case No. CV-06-04872.

23        5.    Andrea Loughlin and Jeffrey Kemp v. Merrill Lynch, Pierce, Fenner &

24  Smith Incorporated, U.S. District Court, Eastern District of New York, Case No. 06-CV-02835.

25        6.    Anthony Palumbo and Mary O'Reilly v. Merrill Lynch, Pierce, Fenner &

26  Smith Incorporated, U.S. District Court, Eastern District of New York, Case No. 06-CV-02104.

27        7.    Richard J. Testa, Jr. v. Merrill Lynch, Pierce, Fenner & Smith

28  Incorporated, U.S. District Court, Southern District of New York, Case No. 07-CV-8320.

3805990.3

1          8.      Edward Reinhart v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,

2   U.S. District Court, Eastern District of Washington, Case No. CV-06-3038.

3          9.      Robert Traitz v. Merrill Lynch, Pierce, Fenner & Smith Incorporated, U.S.

4   District Court, District of New Jersey, Case No. 06-CV-03788.

5          10.     Michael Wendling v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,

6   U.S. District Court, Eastern District of Texas, Case No. 06-CV-458.

7          D.      Solely for the purpose of effectuating this Settlement, the Settling Named

8   Plaintiffs have jointly filed a consolidated amended complaint in the Poole Action (the

9   "Consolidated Action").  The Consolidated Action and the Other Pending Actions shall be

10  referred to collectively as the "Litigation."  Generally, the Consolidated Action alleges that

11  individuals who were employed by Merrill Lynch as Financial Advisors in the United States (but

12  excluding California), Washington D.C., and Puerto Rico are entitled to overtime pay, as well as

13  related damages, penalties, liquidated damages, and interest, because Merrill Lynch misclassified

14  those individuals as "exempt" employees, in violation of the FLSA as well as applicable state

15  law.  In addition, the Consolidated Action alleges that, under applicable state law, Merrill Lynch

16  is required to reimburse its Financial Advisors for certain deductions from wages they incurred in

17  the course of their jobs, including without limitation, deductions for losses due to trading errors,

18  advertising and promotional expenses, wages paid to their support staff and other business-related

19  expenses which were incurred by Financial Advisors but not reimbursed by Merrill Lynch.

20         E.      In connection with the filing of the various above-described actions, Merrill Lynch

21  investigated and reviewed its policies concerning the various matters at issue.  Through this

22  Agreement, Merrill Lynch in no way concedes liability or wrongdoing with regard to any of the

23  claims alleged.  To the contrary, Merrill Lynch contends that it has properly classified its

24  Financial Advisor positions and properly complied with applicable federal and state wage and

25  hour laws.  Moreover, should the Litigation continue, Merrill Lynch believes that the various

26  actions are not suitable for class and/or collective treatment.

27         Following its investigation and review, Merrill Lynch served initial disclosures

28  and discovery responses pursuant to the Federal Rules of Civil Procedure in one or more of the

- 3 -

3805990.3

1   Other Pending Actions.  Merrill Lynch also provided responses to information requests from

2   various Class Counsel, including its compensation plans and other relevant policies in question.

3   Through counsel experienced in these types of cases, the parties then began a series of arms-

4   length negotiations that led to the scheduling of a mediation with professional mediator Mark

5   Rudy, Esq.  Prior to the mediation, Merrill Lynch responded to additional requests for

6   information and data from various Class Counsel concerning Merrill Lynch policies and

7   practices.  Merrill Lynch also provided information and data to various Class Counsel concerning

8   putative class members.  On November 18, 2006, the Settling Parties (except for Testa and

9   Wendling) participated in a mediation in San Francisco, California with Mr. Rudy, and they

10   reached a tentative agreement.  The Settling Parties then continued to negotiate over the next

11   fifteen (15) months to reach the conditional agreement reflected herein.

12          F.      The Settling Named Plaintiffs and Class Counsel are sufficiently familiar with the

13   facts of this case and the applicable federal and state laws to make an informed judgment as to the

14   fairness of the Agreement.  Based on their evaluation, the Settling Named Plaintiffs and Class

15   Counsel have concluded that the Agreement is fair, reasonable, and in the best interests of the

16   class members and respectfully request that the Agreement be approved by the Court.

17   II.    The Conditional Nature of This Agreement.

18          A.      This Agreement and all associated exhibits or attachments are made for the sole

19   purpose of attempting to consummate settlement of this action on a class-wide basis.  This

20   Agreement and the settlement it evidences is made in compromise of disputed claims.  Because

21   the Consolidated Action was pled as a class and collective action, this settlement must receive

22   preliminary and final approval by the Court.  Accordingly, Merrill Lynch and Class Counsel enter

23   into this Agreement and associated settlement on a conditional basis.  In the event that the Court

24   does not execute and file the Order Granting Final Approval of Settlement, or in the event that the

25   associated Judgment does not become Final for any reason, this Agreement shall be deemed null

26   and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred to or utilized

27   for any purpose whatsoever, and the negotiation, terms and entry of the Agreement shall remain

28

1    subject to the provisions of Federal Rule of Evidence 408, any and all state statutes of a similar

2    nature, and the mediation privilege.

3         B.      Class Counsel agree to dismiss with prejudice the cases comprising the Other

4    Pending Litigation by no later than five (5) court days following the Effective Date of this

5    Agreement.  The full effectiveness of this Agreement is conditioned upon the dismissal with

6    prejudice of each of the cases comprising the Other Pending Litigation.  If any one of these cases

7    has not been dismissed with prejudice as provided in this Paragraph, Merrill Lynch shall have the

8    option in its sole discretion to (a) rescind this settlement and not make any payments pursuant to

9    this Agreement at all; or (b) not make any payments under this Agreement to the specific named

10   Plaintiffs and/or Plaintiffs' counsel responsible for the case(s) not dismissed, and the payments

11   not made to such counsel shall remain property of Merrill Lynch and not be redistributed to other

12   counsel; or (c) proceed with the settlement.  Settlement of this action is also conditioned on the

13   dismissal with prejudice of any and all actions, even those not commenced by Class Counsel in

14   the Litigation, asserting claims similar to those presented in the Litigation and pending as of the

15   date of the Preliminary Approval Date.  If this condition is not satisfied, Merrill Lynch shall have

16   the option in its sole discretion to rescind this Agreement and not make any settlement payments

17   at all.  Individual FLSA claims (as distinguished from collective FLSA actions) not released by

18   actions taken in connection with the Agreement are not affected by the provisions of this

19   Paragraph.

20        C.      Merrill Lynch denies all of the claims as to liability, damages, penalties, interest,

21   fees, restitution and all other forms of relief as well as the class allegations asserted in the

22   Litigation.  Merrill Lynch has agreed to resolve the Litigation via this Agreement, but to the

23   extent this Agreement is deemed void or the Effective Date does not occur, Merrill Lynch does

24   not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in

25   the Litigation upon all procedural and factual grounds, including without limitation the ability to

26   challenge class and/or collective action treatment on any grounds and/or to assert any and all

27   defenses or privileges.  The Class Representatives and all Class Counsel agree that Merrill Lynch

28   retains and reserves these rights, and agree not to take a position to the contrary; specifically, the

- 5 -

1    Class Representatives and Class Counsel agree not to argue or present any argument, and hereby

2    waive any argument, that Merrill Lynch could not contest class certification and/or proceeding

3    collectively on any grounds if the Litigation were to proceed or that this agreement is evidence of

4    or constitutes an admission that class certification or a collective action may be appropriate.

5    Similarly, Merrill Lynch agrees not to claim delay or laches against Class Representatives and

6    Class Counsel regarding, without limitation, Class Certification. This Agreement and the

7    negotiations leading thereto shall not be admissible or referenced in any fashion in the Litigation

8    if the settlement does not become Final including, but not limited to, in any motion practice on

9    class certification or the appropriateness of proceeding as a collective action.

10    III.    Defendant's Denial of Wrongdoing or Liability.

11        Merrill Lynch and the Merrill Lynch Releasees deny all of the claims and

12    contentions alleged by the Class Representatives in the Litigation. Nonetheless, Merrill Lynch

13    has concluded that further conduct of the Litigation would be protracted and expensive and that it

14    is desirable that the Litigation be fully and finally settled in the manner and upon the terms and

15    conditions set forth in this Agreement. Merrill Lynch has also taken into account the uncertainty

16    and risks inherent in any litigation, especially in multi-party cases like the Litigation. Merrill

17    Lynch has therefore determined that it is desirable and beneficial to it that the Litigation be settled

18    in the manner and upon the terms and conditions set forth in this Agreement.

19    IV.    Claims of The Class Representatives and Benefits of Settlement.

20        The Class Representatives and Class Counsel believe that the claims asserted in

21    the Litigation have merit. The Class Representatives and Class Counsel, however, recognize and

22    acknowledge the expense and length of the type of continued proceedings necessary to prosecute

23    the Litigation against Merrill Lynch through trial and through appeals. The Class Representatives

24    and Class Counsel have also taken into account the uncertain outcome and the risk of any

25    litigation, especially in multi-party actions such as this Litigation, as well as the difficulties and

26    delays inherent in such litigation. Based upon their evaluation, the Class Representatives and

27    Class Counsel have determined that the settlement set forth in the Agreement is in the best

28    interests of the Class Representatives and the Settlement Class.

- 6 -

1  V.    Terms of The Agreement of Settlement.

2          NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND

3  AGREED by and between the Class Representatives (for themselves and the Settlement Class

4  Members) and Merrill Lynch, with the assistance of their respective counsel or attorneys of

5  record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation

6  and the Released Claims shall be finally and fully compromised, settled and released, and the

7  Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the

8  terms and conditions of this Agreement and the Judgment.

9      1.    Definitions.

10         As used in all parts of this Agreement, the following terms have the meanings

11  specified below:

12         1.1    "Claims Administrator" means the third-party claims administration firm

13  of Rust Consulting, Inc.

14         1.2    "Class" means the collective group of those individuals who were

15  employed by Merrill Lynch in the positions of Financial Advisor (sometimes referred to

16  previously as "Financial Consultants") (including those who perform the duties of a Financial

17  Advisor simultaneously with a supervisory role), Professional Development Program ("PDP")

18  Financial Advisors, Paths of Achievement ("POA") Financial Advisors and/or Financial Advisor

19  Trainees employed in the United States (but excluding California), Washington, D.C. and Puerto

20  Rico during the Class Period.  Accordingly, the Class does not include any Persons who were not

21  employed by Merrill Lynch in these identified positions in these identified jurisdictions during the

22  Class Period.  It is understood and agreed by the Settling Parties that this Class consists of

23  approximately 21,000 or more Persons.

24         1.3    "Class Counsel" means, collectively, all of the counsel representing the

25  Settling Named Plaintiffs in the Litigation.

26         1.4    "Class Member" or "Member of the Class" means a Person who is a

27  member of the Class.

28

3805990.3

1     1.5    "Class Period" means the following applicable periods: (a) with respect

2  to Financial Advisors who worked in any portion of the United States (but excluding California),

3  Washington, D.C., and Puerto Rico other than the States of Massachusetts, New York, New

4  Jersey, Oregon, Pennsylvania, Texas and Washington (except those Persons, if any, who have

5  already opted into collective action lawsuits in the Other Pending Actions and for whom special

6  provisions will account for their arguably longer claim periods), the period that runs from the date

7  which is three years prior to the date on which preliminary approval is given for the settlement in

8  the Consolidated Action to the date on which preliminary approval is given for the settlement in

9  the Consolidated Action; (b) with respect to Financial Advisors who worked in Massachusetts,

10  and only for those work months they worked in Massachusetts, September, 24, 2001, through the

11  date on which preliminary approval is given for the settlement in the Consolidated Action;

12  (c) with respect to Financial Advisors who worked in New York, and for only those work months

13  they worked in New York, May 5, 2000, through the date on which preliminary approval is given

14  for the settlement in the Consolidated Action; (d) with respect to Financial Advisors who worked

15  in New Jersey, and for only those work months they worked in New Jersey, June 20, 2000,

16  through the date on which preliminary approval is given for the settlement in the Consolidated

17  Action; (e) with respect to Financial Advisors who worked in Oregon, and for only those work

18  months they worked in Oregon, November 16, 2003, through the date on which preliminary

19  approval is given for the settlement in the Consolidated Action; (f) with respect to Financial

20  Advisors who worked in Pennsylvania, and for only those work months they worked in

21  Pennsylvania, February 22, 2003, through the date on which preliminary approval is given for the

22  settlement in the Consolidated Action; (g) with respect to Financial Advisors who worked in

23  Texas, and only for those work months they worked in Texas, October 26, 2002, through the date

24  on which preliminary approval is given for the settlement in the Consolidated Action; and

25  (h) with respect to Financial Advisors who worked in Washington, and for only those work

26  months they worked in Washington, May 9, 2003, through the date on which preliminary

27  approval is given for the settlement in the Consolidated Action.

28

- 8 -

1    1.6    "Class Representatives" or "The Class Representatives" means the

2    Settling Named Plaintiffs in the Litigation identified in the first paragraph of this Agreement.

3    1.7    "Court" means the United States District Court for the District of Oregon.

4    1.8    "Effective Date" means the date on which the Judgment becomes Final.

5    1.9    "Final" means the latest of:  (i) the date of final affirmance on an appeal

6    of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the

7    Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of

8    any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or

9    order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees,

10    litigation costs and/or enhancement awards to the Class Representatives shall not, by itself, in any

11    way delay or preclude the Judgment from becoming Final.

12    1.10    "Financial Advisor" or "Financial Advisors" or "FA" or "FAs" shall

13    mean those Persons employed by the Merrill Lynch Releasees as Financial Advisors (who may

14    have also been referred to as Financial Consultants or like terms and including without limitation

15    those who perform the duties of a Financial Advisor simultaneously with a supervisory role), as

16    that term is commonly used by Merrill Lynch.  This term includes Financial Advisors in the

17    Professional Development Program ("PDP") or Paths of Achievement ("POA") Program and

18    Financial Advisor Trainees.

19    1.11    "Judgment" means the judgment to be rendered by the Court pursuant to

20    this Agreement, in the form attached hereto as Exhibit 5, or in a similar form without material

21    changes thereto.

22    1.12    "Last Known Address" or "Last Known Addresses" means the most

23    recently recorded mailing address for a Class Member as such information is contained in

24    employment or personnel records maintained by Merrill Lynch.

25    1.13    The "Litigation" or the "Lawsuit" means the Consolidated Action and the

26    Other Pending Actions described in Section I of the Agreement.

27    1.14    "Maximum Settlement Amount" shall mean the maximum amount that

28    Merrill Lynch can possibly pay under the terms of this Agreement (subject to the occurrence of

- 9 -

3805990.3

1  the Effective Date), which is $43,500,000.  The specific components of this Maximum Settlement

2  Amount are: (a) payments including, without limitation, gross settlement payments and Payroll

3  Taxes to Participating Claimants, which shall be in the gross maximum amount of $32,030,000

4  before withholding provided for in this Agreement (the "Net Settlement Consideration");

5  (b) Class Counsel's total attorney fees, which shall be in the gross maximum amount of

6  $10,875,000; (c) Class Counsel and the Class Representative's actually incurred litigation costs

7  (including the cost of the Special Master referenced in Section V, Paragraph 2.1.1) which shall

8  be in the gross maximum amount of $125,000; (d) claims administration costs, which are

9  estimated to be approximately $150,000 but may exceed that amount; and (e) an enhancement

10  payment to the 16 Class Representatives, which shall be in the gross maximum amount of

11  $20,000 to each Class Representative (a maximum aggregate amount of $320,000).

12          1.15    "Merrill Lynch" means Merrill Lynch, Pierce, Fenner & Smith

13  Incorporated, a Delaware corporation and the defendant in the Litigation.

14          1.16    "Merrill Lynch Releasees" or "The Merrill Lynch Releasees" means

15  Merrill Lynch, each of its affiliates (including without limitation parents and subsidiaries

16  including, but not limited to, Merrill Lynch & Co., Inc.), predecessors, successors, divisions, joint

17  ventures and assigns, and each of these entities' past or present directors, officers, employees,

18  partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys,

19  personal or legal representatives.

20          1.17    "Net Settlement Consideration" shall mean the amount that shall be paid

21  by Merrill Lynch if all Class Members become Participating Claimants and submit Qualifying

22  Settlement Claim Certification Forms, and this Net Settlement Consideration for payments to

23  Participating Claimants shall be a maximum gross amount of $32,030,000 unless the Court

24  awards less than: (i) $10,875,000 in attorneys fees; (ii) incurred litigation costs of $125,000;

25  (iii) $320,000 in enhancement payments.  In such case, the Net Settlement Consideration shall be

26  increased by the same amount that the Court has reduced the proposed award of attorneys fees,

27  litigation costs and/or enhanced payments.  Similarly, if the claims administration costs exceed

28  $150,000, the Net Settlement Consideration will be reduced by the amount that the actually-

- 10 -

3805990.3

1  incurred claims administration costs exceed $150,000. It is understood and agreed that if fewer

2  than all of the Class Members become Participating Claimants, then Merrill Lynch will pay less

3  than the Net Settlement Consideration and the unpaid amount shall remain the property of Merrill

4  Lynch.

5        1.18  "Non-Settlement Class" consists of or means all Class Members who

6  properly and timely elect to opt out of the Settlement Class by submitting Opt Outs pursuant to

7  Paragraph 2.5.2 of this Section V of the Agreement.

8        1.19  "Non-Settlement Class Member" or "Member of the Non-Settlement

9  Class" means a Person who is a member of the Non-Settlement Class.

10        1.20  "Notice Approval Date" means that date following the Preliminary

11  Approval Order in which the Court issues its Order Re: Settlement Formula for Allocation and

12  Approving Mailing of Class Notice and Setting Settlement Hearing, substantively in the form

13  attached hereto as Exhibit 2.

14        1.21  "Notice Re: Pendency of Class Action" or "Notice To Class Members

15  Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class

16  Notice" means a notice (and associated response forms) entitled "Notice To Class Members Re:

17  Pendency of a Class Action and Notice of Hearing On Proposed Settlement" to be approved by

18  the Court, substantially in the form attached hereto as Exhibit 3.

19        1.22  The "Notice Mailing Deadline" shall be the date sixty (60) days after the

20  Notice Approval Date.

21        1.23  The "Notice Response Deadline" shall be the date ninety (90) days after

22  the Class Notice is mailed to the Class Members by the Claims Administrator.

23        1.24  "Opt In" or "Opt Ins" shall mean any Class Member who returns a

24  Qualifying Settlement Claim Certification Form to the Claims Administrator. Submission of

25  Qualifying Settlement Claim Certification Form shall constitute binding and irrefutable evidence

26  that the Class Member in question desired, intended and did opt in to a FLSA settlement.

27

28

3805990.3

1    1.25    "Opt Out" or "Opt Outs" means written and signed requests by Class

2    Members to be excluded from the Settlement Class, which are submitted on the forms, in the

3    manner, and within the time set forth in the Notice Re: Pendency of Class Action.

4    1.26    "Order of Final Approval" or "Order Granting Final Approval of

5    Settlement" shall mean an order to be entered and filed by the Court entitled "Order Determining

6    Good Faith and Granting Final Approval of Settlement," substantially in the form attached hereto

7    as Exhibit 4.

8    1.27    "Participating Claimant" or "Participating Claimants" means each

9    Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim

10    Certification Form in response to the Notice Re: Pendency of Class Action.  As set forth in

11    Section V, Paragraph 1.24, Participating Claimants are also Opt Ins.

12    1.28    "Payroll Taxes" shall mean the payroll taxes or other payments for which

13    the employee is responsible and which are customarily withheld by Merrill Lynch when making

14    wage payments.

15    1.29    "Person" means a natural person.

16    1.30    "Preliminary Approval Date" shall mean the date on which the Court

17    enters the Preliminary Approval Order.

18    1.31    "Preliminary Approval Order" or "Order Granting Preliminary Approval

19    for the Settlement" shall mean an order to be executed and filed by the Court entitled "Order

20    Granting Preliminary Approval of Settlement" substantially in the form attached hereto as

21    Exhibit 1.

22    1.32    A "Qualifying Settlement Claim Certification Form" shall mean a

23    Settlement Claim Certification Form that is fully completed, properly executed and timely

24    returned to the Claims Administrator.

25    1.33    A "Qualifying Work Month" is any calendar month in which a Class

26    Member was employed by Merrill Lynch in the United States (excluding California),

27    Washington, D.C., and/or Puerto Rico as a Financial Advisor during the Class Period.  The Class

28    Member in question need not have worked during the entire calendar month period for it to

- 12 -

3805990.3

1    qualify as a Qualifying Work Month. The parties agree that the total number of Qualifying Work

2    Months for all Class Members is approximately, assuming the Preliminary Approval Date occurs

3    in June 2008, is _____.

4          1.34      A "Reasonable Address Verification Measure" shall mean the utilization

5    of the National Change of Address Database maintained by the United States Postal Service to

6    review the accuracy of and, if possible, update a mailing address.

7          1.35      "Released Claims" shall collectively mean any and all claims to the

8    broadest extent permitted by law, including Unknown Claims as defined in Paragraph 1.45

9    hereof, and all demands, rights, liabilities and causes of action of every nature and description

10   whatsoever by a Class Member relating to his or her employment with, or work for, Merrill

11   Lynch or any of its affiliates, predecessors or successors including without limitation statutory,

12   constitutional, contractual or common law claims, whether known or unknown, whether or not

13   concealed or hidden, against the Merrill Lynch Releasees, or any of them, for any type of relief,

14   including without limitation claims for wages, damages, deductions, unpaid costs, penalties,

15   liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or

16   equitable relief, based on the following categories of allegations:

17          (1)(a)    Any and all claims under federal and/or state or any other law alleging

18   misclassification of Financial Advisors as exempt employees and/or violation of premium

19   overtime requirements, meal and rest period requirements, or any and all other wage and hour

20   requirements as to Financial Advisors, including without limitation:

21               (i)     any and all claims alleging failure to pay overtime wages;

22               (ii)    any failure to provide meal and/or rest periods; and

23               (iii)   any payroll or wage record-keeping or itemization requirements,

24   including without limitation any claims concerning time records, the timing of wage payments, or

25   the manner of wage payments;

26          (b)      Any and all associated claims on behalf of Financial Advisors for

27   penalties, including without limitation liquidated and/or punitive damages; and

28

- 13 -

3805990.3

1     (c)  Any and all associated claims on behalf of Financial Advisors for interest,

2 costs, attorney fees, equitable relief or other types of available recovery; and

3     (2)(a) Any and all claims alleging the improper deduction from wages and/or

4 imposition of costs, losses or penalties for errors or mistakes on Financial Advisors, such as, but

5 without limitation, all claims relating to alleged improper trading error deductions, contributions

6 to settlements and/or the Merrill Lynch Error Policy;

7     (b)  Any and all associated claims on behalf of Financial Advisors for penalties,

8 including without limitation liquidated damages and/or punitive damages; and

9     (c)  Any and all associated claims on behalf of Financial Advisors for interest,

10 costs, attorney fees, equitable relief or other types of available recovery; and

11     (3)(a) Any and all claims for failure to reimburse or cover or pay for business

12 costs incurred by Financial Advisors, and/or for deductions from or adjustments to a Financial

13 Advisor's compensation associated with such business costs, including without limitation claims

14 for reimbursement of costs spent on or imposed for any type of business expenses or support

15 staff, such as, but without limitation, all claims relating to the Merrill Lynch Fully Supported and

16 Supplemental Compensation Programs;

17     (b)  Any and all associated claims on behalf of Financial Advisors for penalties,

18 including without limitation liquidated and/or punitive damages; and

19     (c)  Any and all associated claims on behalf of Financial Advisors for interest,

20 costs, attorney fees, equitable relief or other types of available recovery.

21    Released Claims include claims meeting the above definition under any and all

22 applicable statutes, including without limitation the federal Fair Labor Standards Act, the Portal

23 to Portal Act, and the statutes identified in Appendix 1. Notwithstanding the foregoing, Released

24 Claims does not include any claims arising under the FLSA as to Class Members who do not

25 become Opt Ins to the settlement by submitting a Qualifying Settlement Claim Certification Form

26 to the extent that opting in would be required to waive such FLSA claims. Nonetheless, Class

27 Members who neither submit a timely Qualifying Settlement Claim Certification Form nor a

28 timely Opt Out will forfeit, release, and waive all rights to bring or participate in a collective or

- 14 -

3805990.3

1    class action under the Fair Labor Standards Act against the Merrill Lynch Releasees for any such

2    FLSA claim accruing before the Preliminary Approval Date though said individuals will retain

3    the right to pursue an individual action under the FLSA. "Released Claims" do not include

4    employment discrimination claims arising under the Equal Pay Act, Title VII of the Civil Rights

5    Act of 1964, the Age Discrimination In Employment Act, the Americans With Disabilities Act or

6    state statutes prohibiting discrimination in employment. "Released Claims" also does not include

7    any claim for retaliation against Merrill Lynch by a Financial Advisor for his or her participation

8    in this settlement arising after the Preliminary Approval Date.

9           1.36    "Settlement Claim Certification Form" shall mean the form attached as

10   Form C to the Notice Re: Pendency of Class Action, in the same or substantially the same manner

11   as set forth in Exhibit 3.

12          1.37    "Settlement Class" means the collective group of all of the Class

13   Members who do not opt out of the Settlement Class by submitting Opt Outs pursuant to

14   Section V, Paragraph 2.5.2, and thus means the collective group of all of the Class Members who

15   will become bound by the Judgment if the Effective Date occurs.

16          1.38    "Settlement Class Member" or "Member of the Settlement Class" means

17   any Person who is a member of the Settlement Class.

18          1.39    "Settlement Formula" shall mean the formula by which the Net

19   Settlement Consideration shall be allocated among the Class Members prior to the claims process

20   and payments to those Class Members who become Participating Claimants, and this formula

21   shall take into account the jurisdictions in which the Class Members were employed and the

22   associated strength of their Released Claims. The Special Master referred to in Section V,

23   Paragraph 2.1.1 shall review the Class Counsel's proposed Settlement Formula and report his or

24   her independent and neutral findings and recommendations on the Settlement Formula to the

25   Court for its review and preliminary approval of the Settlement Formula and the inclusion of the

26   allocation in the Class Notice.

27

28

3805990.3

1        1.40    "Settlement Hearing" or "Fairness and Good Faith Determination

2  Hearing" means a hearing set by the Court to take place on or about the date which is fifty-five

3  (55) days after the Notice Response Deadline for the purpose of:

4              (i) determining the fairness, adequacy and reasonableness of the

5  Agreement and associated settlement pursuant to class action procedures and requirements;

6             (ii) determining the good faith of the Agreement and associated

7  settlement; and

8             (iii) entering Judgment.

9        1.41    "Settlement Sum" means the total, gross amount due to an individual

10  Participating Claimant, which shall be the product of the Qualifying Work Months worked by that

11  Participating Claimant multiplied by the amount per qualifying work month allocated through the

12  Settlement Formula to the jurisdiction(s) in which the FA worked during the Class Period. In any

13  event, the aggregate Settlement Sums for all Class Members if 100% of the Class Members

14  participated and timely submitted  valid Qualifying Settlement Claim Certification Forms shall

15  not exceed the Net Settlement Consideration which is currently $32,030,000.

16        1.42    The "Settlement Sum Average" shall be the number which, when

17  multiplied by the total number of Qualifying Work Months actually worked by all Class

18  Members, equals the Net Settlement Consideration. (The Net Settlement Consideration for

19  payments to participating claimants is currently $32,030,000). In other words, the Settlement

20  Sum Average equals the Net Settlement Consideration divided by the total number of Qualifying

21  Work Months worked by all Class Members. Assuming the Preliminary Approval Date is June

22  2008, the Settlement Sum Average shall be approximately _____.

23        1.43    "Settling Parties" means Merrill Lynch and the Class Representatives on

24  behalf of themselves and all Members of the Settlement Class.

25        1.44    "Agreement" means this Joint Stipulation of Settlement of Class Action

26  and Release and all of its attachments and exhibits, which the Settling Parties understand and

27  agree sets forth all material terms and conditions of the Settlement between them, and which is

28  subject to Court approval. It is understood and agreed that Merrill Lynch's obligations for

- 16 -

3805990.3

1    payment under this Agreement are conditioned on, *inter alia,* the occurrence of the Effective Date

2    and other conditions set forth in this Agreement.

3              1.45    "Unknown Claims" means any Released Claims which any Class

4    Representative or any Settlement Class Member does not know or suspect to exist in his or her

5    favor at the time of the entry of the Judgment, and which, if known by him or her might have

6    affected his or her settlement with and release of the The Merrill Lynch Releasees, or might have

7    affected his or her decision to opt out of the Class or to object to this settlement.  With respect to

8    any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,

9    the Class Representatives shall expressly and each of the Settlement Class Members shall be

10    deemed to have, and by operation of the Judgment shall have, waived the provisions, rights and

11    benefits of any statute or principle of common law similar to California Civil Code § 1542, which

12    provides:

13              A general release does not extend to claims which the creditor does not
         know or suspect to exist in his or her favor at the time of executing the
14              release, which if known by him or her must have materially affected his or
         her settlement with the debtor.
15

16    The Class Representatives and each Settlement Class Member may hereafter discover facts in

17    addition to or different from those which he or she now knows or believes to be true with respect

18    to the subject matter of the Released Claims, but Class Representatives and each Settlement Class

19    Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment

20    shall have, fully, finally, and forever settled and released any and all Released Claims, known or

21    unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

22    hidden, which then exist, or heretofore have existed upon any theory of law or equity now

23    existing or coming into existence in the future, including, but not limited to, conduct which is

24    negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard

25    to the subsequent discovery or existence of such different or additional facts.  The Class

26    Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of

27    the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a

28    material term of the settlement of which this release is a part.

- 17 -

3805990.3

1.46    "Updated Address" means a mailing address that was updated via a

Reasonable Address Verification Measure or via an updated mailing address provided by the

United States Postal Service or a Class Member.

2.    The Settlement.

2.1    *Allocation of the Net Settlement Consideration and*
        *Payment to Participating Claimants*

2.1.1    Due to the differing relative strength of some of the Plaintiffs' allegations

depending on the specific laws in each jurisdiction (including, without limitation, differing

statutes of limitations, wage and hours laws, the definitions of wages and permissibility of alleged

deductions) in which Financial Advisors were employed, Class Counsel shall develop a proposed

non-binding Settlement Formula for allocating the Net Settlement Consideration among the

Financial Advisors in each jurisdiction covered by this Agreement.  Merrill Lynch will cooperate

with Class Counsel by providing relevant information regarding class membership, months

worked and annual compensation for each such covered jurisdiction.  Neither the provision of

such information by Merrill Lynch nor the Settlement Formula shall in any way increase the Net

Settlement Consideration.  Class Counsel shall propose a retired federal court judge to act as a

Special Master to review the proposed Settlement Formula.  Selection of the Special Master will

be subject to Merrill Lynch's approval which will not be unreasonably withheld and to approval

by the Court.  Any and all fees and costs of the Special Master shall be treated as a litigation

expense of Class Counsel and will be paid from the Maximum Settlement Amount as set forth in

Section V, Paragraph 1.14 above.

In making his or her independent and neutral recommendation to the Court, the

Special Master, in addition to other factors he or she deems appropriate, shall consider the

proposed Settlement Formula and whether and by how much the funds made available to Class

Members in various jurisdictions should vary based upon differences in applicable law in such

jurisdictions.  In no event, however, shall the Special Master's recommendations and/or the

Settlement Formula increase or change the Net Settlement Consideration.  As set forth in

- 18 -

1   Section V, Paragraph 2.3.4, the Settlement formula will be subject to preliminary approval by the

2   Court on the Notice Approval Date.

3          2.1.2    Merrill Lynch, itself or through the Claims Administrator, and according

4   to the terms, conditions and procedures set forth in this Section V of this Agreement, shall pay

5   each Participating Claimant his or her Settlement Sum.  To the extent administratively

6   convenient, these payments shall be paid via one check to each Participating Claimant.  Merrill

7   Lynch shall withhold the Payroll Taxes on the wage portion of the payment.  The Settlement

8   Sums shall be allocated for reporting reasons as set forth below:

9          (a)    Fifty percent shall be deemed payment in settlement of claims for

10   unpaid wages; and

11          (b)    Fifty percent shall be deemed payment in settlement of claims for

12   penalties, punitive damages, business costs and staffing and expense and error reimbursements,

13   interest and all other non-wage recovery.

14          2.1.3    As further detailed in Paragraphs 2.2.1 and 2.2.2, and for each payment

15   made pursuant to this Agreement including without limitation those made pursuant to Paragraphs

16   2.1.2, 2.6.1, 2.6.2, 2.8.1, and 2.8.2 of this Section V, Merrill Lynch, itself or through the Claims

17   Administrator, will report each payment to government authorities including the Internal Revenue

18   Service as required by law, and it shall make all required deductions and/or withholdings.

19          2.2    *Taxes*

20          2.2.1    Those payments allocated to the settlement of claims for unpaid wages

21   (a) shall be subject to required withholdings and deductions, and so the net amounts payable will

22   be less than the gross amounts; and (b) shall be reported in the year of payment as wage income

23   to the Participating Claimant on a Form W-2 or analogous form.  Those payments allocated to all

24   other claims, including without limitations claims for penalties, punitive damages, liquidated

25   damages, reimbursement, interest and other non-wage recovery (a) shall not be subject to

26   withholdings and deductions, and so the net amounts payable will be equal to the gross amounts;

27   and (b) shall be reported in the year of payment as non-wage income to the Participating

28   Claimants on a Form 1099 or a Form W-2 or analogous form as Merrill Lynch shall determine in

- 19 -

1   its sole discretion. Other than as set forth above, Merrill Lynch will not, unless otherwise

2   required by law, make, from the Settlement Sum of each Participating Claimant, any deductions,

3   withholdings or additional payments, including without limitation, medical or other insurance

4   payments or premiums, employee 401(k) contributions or matching employer contributions, wage

5   garnishments, or charity withholdings, and entry of the Order of Final Approval by the Court

6   shall be deemed authority not to make such deductions, withholdings or additional payments.

7   Any amount paid to Participating Claimants shall not create any credit or otherwise affect the

8   calculation of any deferred compensation, benefit or other compensation plan provided by Merrill

9   Lynch.

10          2.2.2    Other than the withholding and reporting requirements set forth in

11  Section V, Paragraphs 2.1.2, 2.1.3 and 2.2.1, Participating Claimants shall be solely responsible

12  for the reporting and payment of any federal, state and/or local income or other tax or any other

13  withholdings, if any, on any of the payments made pursuant to this Section V of this Agreement.

14  Merrill Lynch makes no representations and it is understood and agreed that Merrill Lynch has

15  made no representations as to the taxability of any portions of the settlement payments to any

16  Participating Claimants, the payment of any costs or an award of attorney fees, or any payments

17  to the Class Representatives. The Notice Re: Pendency of Class Action will advise Class

18  Members to seek their own tax advice prior to acting in response to that notice, and the Class

19  Representatives and Class Counsel agree that Class Members will have an adequate opportunity

20  to seek tax advice prior to acting in response to the notice.

21          2.3    *Court Approval of Notice to the Class and A Settlement Hearing.*

22          2.3.1    On or before May 1, 2008, the Class Representatives and Merrill Lynch,

23  through their counsel of record in the Litigation, shall file this Agreement with the Court and

24  jointly move for preliminary approval of this Agreement. Via this submission, and a supporting

25  motion, the Settling Parties, through their counsel of record, will request that the Court (a) enter

26  the Preliminary Approval Order, including a proposed draft of the Class Notice (with certain

27  blanks regarding the Settlement Formula and/or the allocations of the Net Settlement

28  Consideration); (b) approving the selection of the Special Master; (c) directing the Class

- 20 -

3805990.3

1   Representatives and Class Members not to proceed with further litigation in Other Pending

2   Actions; and (d) entering an order prohibiting putative class members from filing any new actions

3   asserting claims similar to those presented in the Litigation (except individual FLSA actions by

4   those who do not release such an action by their actions taken in connection with the Agreement)

5   and which would otherwise constitute Released Claims under this Agreement until the Court's

6   decision on final approval of this Agreement. Via this same motion, the Class Representatives,

7   through Class Counsel shall advise the Court of the agreements set forth in Paragraphs 2.8.1,

8   2.8.2 and 2.8.3 of this Section V of this Agreement.

9          2.3.2    Subject to Court availability, the Class Representatives and Merrill Lynch

10  shall endeavor to notice the joint motion for entry of the Preliminary Approval Order described in

11  Paragraph 2.3.1 for a hearing before the Court on or before June 15. Failure of the Court to enter

12  the Preliminary Approval Order in its entirety or in a similar form without material changes

13  thereto will be grounds for Merrill Lynch or the Class to terminate the settlement and the terms of

14  this Agreement. Changes to the amount of attorneys fees, litigation costs and/or enhancement

15  payments shall not be deemed material changes allowing the parties to terminate the settlement

16  and/or this Agreement.

17         2.3.3    Not later than ten (10) calendar days following the filing of this

18  Stipulation and the motion for preliminary approval, the Claims Administrator, at Merrill Lynch's

19  direction, shall notify the Attorney General and Department of Labor (or functional equivalent,

20  regardless of title) in each of the states except California of the existence of this Settlement; the

21  Claims Administrator shall also issue a supplemental notice not later than ten (10) calendar days

22  following the Notice Approval Date and not later than ten (10) calendar days following the entry

23  of Judgment. The Claims Administrator shall document all efforts under this Paragraph 2.3.3,

24  and shall provide the Court, Class Counsel, and Merrill Lynch's counsel with a declaration

25  certifying its compliance no later than five (5) business days after each such mailing is complete.

26  Wherever necessary or appropriate, Class Counsel and Merrill Lynch will assist the Claims

27  Administrator by providing information which is necessary for the preparation of the notice

28  required by this Paragraph 2.3.3. Said notice shall include to the extent then available:

- 21 -

3805990.3

1         1.      All current and former complaints in the Litigation and material

2  accompanying those complaints;

3         2.      A schedule of upcoming judicial hearings, if any, in the Litigation;

4         3.      The then- current Notice Re: Pendency of Class Action;

5         4.      A true and correct copy of this Agreement;

6         5.      Any other agreements between Class Counsel and attorneys for Merrill

7  Lynch;

8         6.      An estimate of the number of members of the Settlement Class (and their

9  names, if feasible) who reside in the jurisdiction of the entity or agency receiving the notice;

10         7.      The estimated proportionate share of the entire settlement being offered to

11  the individuals who reside in the jurisdiction of the entity or agency receiving the notice (after it

12  has been determined by the Settlement Formula); and

13         8.      Any written judicial opinion or order of this Court relating to items

14  numbers 3 through 7.

15        Notwithstanding the foregoing, Merrill Lynch understands and agrees that, as the

16  settling defendant, it is ultimately responsible for notifying the appropriate federal and state

17  officials pursuant to 28 U.S.C. § 1715.

18        2.3.4   After the Court has entered its Preliminary Approval Order, the Special

19  Master will review the proposed Settlement Formula and will submit his or her written

20  recommendation on the Settlement Formula.  The Settling Parties will file the Special Master's

21  written report within five (5) court days following their receipt of the report.  Settling Parties will

22  have ten (10) calendar days following the filing of the report with the Court to file their motion(s)

23  to adopt or modify the Special Master's recommendation and schedule a hearing with the Court in

24  accordance with the local rules for its approval of the Settlement Formula.  In that hearing, the

25  Settling Parties will also request the Court's approval of the final form of the Class Notice (with

26  the Settlement Formula and/or allocation information added) and its authorization to mail the

27  Class Notice to the Class.  The date the Court enters its order on these motions shall be referred as

28  the Notice Approval Date.  As part of that Order, the Court will also schedule the Settlement

- 22 -

3805990.3

1   Hearing for the purposes of determining good faith with regard to the settlement, granting final

2   approval of the settlement, granting final approval of this Agreement and entering Judgment.

3          2.3.5   If the Court approves the Settlement Formula and the Class Notice, Class

4   Counsel and counsel for Merrill Lynch shall meet and confer after the Notice Approval Date to

5   reach agreement on any necessary revisions of the deadlines and timetables set forth in this

6   Agreement. In the event that the Settling Parties fail to reach such agreement, any of the Settling

7   Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in

8   this Agreement, provided that such a request to the Court may seek only reasonable modifications

9   of the dates and deadlines contained in this Agreement and no other changes.

10          2.3.6   If the Court enters the Preliminary Approval Order, and approves the

11   Settlement Formula and the Class Notice, then at the resulting Settlement Hearing, the Class

12   Representatives and Merrill Lynch, through their counsel of record, shall address any written

13   objections from Class Members or any concerns from Class Members who attend the hearing as

14   well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in

15   this Agreement, stipulate to final approval of this Agreement and entry of the Judgment by the

16   Court.

17         *2.4*   *Notice to Class Members.*

18          2.4.1   If, by entering an order approving the Settlement Formula and the final

19   form of the Class Notice, the Court provides authorization to send the Notice Re: Pendency of

20   Class Action to Class Members, Merrill Lynch, through its counsel of record and/or the Claims

21   Administrator, will facilitate the mailing to all Class Members at their Last Known Addresses of

22   the Class Notice. This Class Notice shall be mailed via first class mail through the United States

23   Postal Service, postage pre-paid.

24          2.4.2   This Class Notice and its envelope or covering shall be marked to denote

25   the return address of the Claims Administrator.

26          2.4.3   Merrill Lynch shall prepare the name, Last Known Address, and number

27   of Qualifying Work Months for each jurisdiction for each Class Member for the Claims

28   Administrator so that the Claims Administrator can engage in the processing and mailing of each

- 23 -

3805990.3

1   Class Notice. This information will be provided to the Claims Administrator only. Four

2   representatives of Class Counsel, James Clapp, Kenneth Lehn, Jeffrey Smith and Stephen Denittis

3   may, upon reasonable notice to Merrill Lynch, review (but not copy or otherwise retain) the

4   information provided by Merrill Lynch to the Claims Administrator at Merrill Lynch's office in

5   New York, New York.

6      2.4.4 Prior to mailing the Class Notice to each Class member, the Claims

7   Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current

8   accuracy of the Last Known Address of each Class Member. To the extent this process yields an

9   Updated Address, that Updated Address shall replace the Last Known Address and be treated as

10  the new Last Known Address for purposes of this Agreement and for subsequent mailings in

11  particular.

12     2.4.5 Prior to mailing the Class Notice to each Class Member, and to the extent

13  possible within the requisite deadlines, the Claims Administrator shall include in the space

14  provided on each Class Notice the number of Qualifying Work Months in each jurisdiction for

15  each Class Member.

16     2.4.6 Unless the parties agree otherwise in writing or the Court so orders, each

17  of the Notices shall be mailed to the Last Known Addresses of the Class Members no later than

18  the Notice Mailing Deadline.

19     2.4.7 Merrill Lynch shall be responsible for all costs of the mailing described in

20  Paragraph 2.4.1, which shall be the fees charged by the Claims Administrator, the cost of the

21  envelope in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and

22  the cost of postage to send the Class Notice. Those costs are included in the Claims

23  Administration Costs set forth in Paragraph 1.14(d). No other materials beside the Class Notice

24  will be included in this mailing and no other material will be sent to Class Members unless by the

25  Claims Administrator or Class Counsel in response to a specific submission or inquiry from a

26  Class Member responding to the Class Notice. The Class Representatives acknowledge that

27  Merrill Lynch's agreement to pay the claims administration and mailing costs constitutes

28  additional consideration to the Class.

- 24 -

1        2.4.8    Unless the Claims Administrator receives a Class Notice returned from

2 the United States Postal Service for reasons discussed below in this Paragraph, that Class Notice

3 shall be deemed mailed and received by the Class Member to whom it was sent five (5) days after

4 mailing. In the event that subsequent to the first mailing of a Notice Re: Pendency of Class

5 Action and prior to the Notice Response Deadline, that Notice is returned to the Claims

6 Administrator by the United States Postal Service with a forwarding address for the recipient, the

7 Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed at

8 that point, and the forwarding address shall be deemed the Updated Address for that Class

9 Member. In the event that subsequent to the first mailing of a Class Notice, and at least seven (7)

10 days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator

11 by the United States Postal Service because the address of the recipient is no longer valid, the

12 Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain the

13 current address of the particular Class Member in question and, if such an address is ascertained,

14 the Claims Administrator will promptly re-send the Notice; if no Updated Address is obtained for

15 that Class Member, the Class Notice shall be sent again to the Last Known Address. In either

16 event, the Notice Re: Pendency of Class Action shall be deemed received by the Class Member

17 once it is mailed for the second time. Nothing in this Paragraph 2.4.8 shall be construed to extend

18 the Notice Response Deadline for any Class Member.

19        2.4.9    To the extent a Class Member has not submitted to the Claims

20 Administrator some form of written response to the Class Notice by the date that is twenty (20)

21 days before the Notice Response Deadline, the Claims Administrator shall send that Class

22 Member a postcard (a) referencing the name of the Litigation; (b) stating that the Class Member

23 received a notice in this action; (c) providing addresses for the Claims Administrator and Class

24 Counsel; (d) stating the Notice Response Deadline, *i.e.*, the deadline to respond to the Class

25 Notice if the recipient desires to do so; and (e) stating that the Class Member can contact the

26 Claims Administrator to receive an additional copy of the notice. The postcard shall not contain

27 additional information or statements. Nothing in this Paragraph 2.4.9 shall be construed to extend

28 the Notice Response Deadline for any Class Member.

- 25 -

1       2.5     *Responses to the Notice Re: Pendency of Class Action; Motion for Final*

2   *Approval.*

3       2.5.1   Class Members have the option to participate in this Lawsuit at their own

4   expense by obtaining their own attorney(s). Class Members who choose this option will be

5   responsible for any attorney fees or costs incurred as a result of this election. The Notice Re:

6   Pendency of Class Action will advise Class Members of this option.

7       2.5.2   Class Members may elect to "opt out" of the Settlement Class and thus

8   exclude themselves from the Litigation and the Settlement Class. Class Members who wish to

9   exercise this option must fully complete, execute and mail, per the instructions therein, the form

10  entitled "Election to Opt Out of Settlement and Class Action" attached to the Notice Re:

11  Pendency of Class Action as Form B. If a fully completed and properly executed Opt Out is not

12  received by the Claims Administrator from a Class Member postmarked on or before the Notice

13  Response Deadline, then that Class Member will be deemed to have forever waived his or her

14  right to opt out of the Settlement Class. Class Members who do not properly submit Opt Outs

15  shall be deemed Members of the Settlement Class. Class Members who properly and timely

16  submit Opt Outs shall have no further role in the Litigation, and for all purposes they shall be

17  regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any

18  benefit as a result of this Litigation, including without limitation any tolling of any pertinent

19  statute of limitations.

20      2.5.3   Class Members who do not opt out of the Class may also object to the

21  Agreement by filing a written objection with the Court with copies to Class Counsel, Merrill

22  Lynch's Counsel and the Claims Administrator by no later than the Notice Response Deadline.

23  The objection must set forth, in clear and concise terms, the legal and factual arguments

24  supporting the objection. Unless otherwise ordered by the Court, Class Members shall not be

25  permitted to speak at the final approval hearing unless they have submitted a timely written

26  objection pursuant to this Paragraph. The Class Notice shall advise Class Members of this option.

27      2.5.4   Class Members who do not opt out of the Settlement Class pursuant to

28  Paragraph 2.5.2 may elect to become Participating Claimants. Class Members who wish to

- 26 -

1  exercise this option and certify their entitlement to payment under the settlement must fully

2  complete, execute and mail, per the instructions therein, the form entitled "Settlement Claim

3  Certification Form" attached to the Notice Re: Pendency of Class Action as Form C. Return of a

4  Qualifying Settlement Claim Certification Form to the Claims Administrator will also constitute

5  an opt in for the purpose of joining in the FLSA collective action and releasing any and all claims

6  arising under the FLSA. Thus, any Class Member who returns a Qualifying Settlement Claim

7  Certification Form will become an Opt In into the Litigation. If a completed and properly

8  executed Settlement Claim Certification Form is not received by the Claims Administrator from a

9  Class Member and postmarked on or before the Notice Response Deadline, then that Class

10 Member will be deemed to have forever waived his or her right to be a Participating Claimant and

11 receive payment under this settlement. As long as they do not properly submit Opt Outs, Class

12 Members who do not submit Settlement Claim Certification Forms in a timely and proper fashion

13 shall be deemed Members of the Settlement Class and shall be subject to the Judgment and shall

14 be deemed to have released all Released Claims, provided Class Members who have not become

15 Participating Claimants will not be deemed to have waived individual claims under the federal

16 Fair Labor Standards Act. Only Participating Claimants shall be entitled to payment pursuant to

17 the Judgment. It is agreed and understood that if all Class Members become Participating

18 Claimants and submit valid and timely claims, then the maximum Merrill Lynch will pay is the

19 Net Settlement Consideration which is currently a total gross amount of $32,030,000 to all

20 Participating Claimants, but if fewer than one hundred percent of Class Members become

21 Participating Claimants, then Merrill Lynch will pay less to Participating Claimants.

22       2.5.5    Class Members who submit both Settlement Claim Certification Forms

23 and Opt Outs shall be sent a cure letter by the Claims Administrator seeking clarification of

24 which response they want to submit. Absent any cure, they will be deemed Participating

25 Claimants.

26       2.5.6    Class Members who, for future reference and mailings from the Court or

27 Claims Administrator, if any, wish to change the name or address listed on the envelope in which

28 the Class Notice was first mailed to them, must fully complete, execute and mail, per the

- 27 -

1    instructions therein, the form entitled "Change of Name or Address Information" attached to the

2    Notice Re: Pendency of Class Action as Exhibit A.

3           2.5.7    Opt out forms or claim forms must be post marked on or before the Notice

4    Response Deadline to be valid and honored by the Claims Administrator. This term regarding

5    late claim forms and late opt out forms was bargained for between the Settling Parties and is a

6    material term of the Agreement. The Settling Parties agree that the Court shall not entertain or

7    hear motions by Class Members, putative opt outs and/or Class Representatives relating to late

8    claim forms and/or late opt out forms except where the Notice Response Deadline was missed

9    due to the legal incapacity of a Class Member or putative opt out.

10           2.5.8    Any individual who submits a late or invalid Settlement Claim

11    Certification Form that the parties mutually determine and agree to be a timely and/or valid claim

12    will be an Opt In. Conversely, any individual's late Settlement Claim Certification Form that the

13    parties do not mutually determine and agree to be a valid and/or timely claim will not be an Opt

14    In. Nothing in this paragraph explicitly or implicitly creates any obligation by any party to

15    consider, much less agree that a late Settlement Claim Certification Form is timely and/or valid.

16           2.5.9    Prior to the Settlement Hearing and consistent with the rules imposed by

17    the Court, the Class Representatives and Merrill Lynch shall jointly move the Court for entry of

18    the Order of Final Approval (and the associated entry of Judgment). Through this motion, the

19    Settling Parties shall advise the Court of the agreements in Paragraphs 2.8.1, 2.8.2 and 2.8.3 of

20    this Section V of this Agreement. The Class Representatives and Class Counsel shall be

21    responsible for justifying the agreed upon payments set forth in Paragraphs 2.8.1 and 2.8.2 of this

22    Section V of this Agreement. To the extent possible, the motion seeking entry of the Order of

23    Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties

24    shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court

25    rejects the Agreement, fails to enter the Order of Final Approval, or fails to enter the Judgment,

26    this Agreement shall be void *ab initio*, and Merrill Lynch shall have no obligations to make any

27    payments under the Agreement.

28

- 28 -

3805990.3

1            *2.6     Timing of Payment to Participating Claimants and Notice of Final*

2    *Approval to Settlement Class Members.*

3            2.6.1    Within thirty (30) days of and only after the Effective Date, Merrill

4    Lynch, itself or through the Claims Administrator, shall pay to each Participating Claimant his or

5    her respective Settlement Sum.

6            2.6.2    In accordance with the terms of Paragraphs 2.1.2, 2.1.3 and 2.2.1, Merrill

7    Lynch, itself or through the Claims Administrator, shall issue to each Participating Claimant one

8    check (or more if necessary for administrative convenience) payable to the Participating

9    Claimant, from Merrill Lynch (or from an account administered by the Claims Administrator but

10   funded by Merrill Lynch), for the gross amount of the Settlement Sum, less relevant

11   withholdings.  Merrill Lynch, itself or through the Claims Administrator, shall mail this check(s)

12   to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained,

13   on or before the date which is thirty (30) days after the Effective Date.

14           2.6.3    Checks issued to Participating Claimants pursuant to this Agreement shall

15   remain negotiable for a period of at least one hundred eighty (180) days from the date of mailing,

16   and the funds associated with any checks which are not properly or timely negotiated shall remain

17   the property of Merrill Lynch and shall not be paid to any Person other than Merrill Lynch.  The

18   Settling Parties hereby agree that such funds represent settlement payments for matters disputed

19   in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy*

20   *pres*, or other distribution not provided for in this Stipulation.  Any order or orders that result in

21   Merrill Lynch not being permitted to retain any unclaimed or unused settlement funds in an

22   amount that exceeds $50,000 in the aggregate will be grounds for Merrill Lynch, in its sole

23   discretion, to void the settlement and not make any payments under this Agreement.  Merrill

24   Lynch, however, must declare the Agreement null and void within seven (7) days from the order

25   (either alone or when combined with prior orders) that results in a total of more than $50,000 of

26   the unclaimed or unused Maximum Settlement Amount not being retained by Merrill Lynch.

27   Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all

28

3805990.3

1   Participating Claimants and Settlement Class Members, remain subject to the terms of the

2   Judgment.

3          2.6.4    Following the mailing of the Notices of Final Approval to the Settlement

4   Class and the payments to Participating Claimants discussed in Paragraph 2.6.2, the Claims

5   Administrator shall provide counsel with a written confirmation of this mailing.  Upon receipt of

6   this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of

7   judgment with the Court in the Litigation on behalf of the Settlement Class.

8          2.7    *Releases.*

9          2.7.1    Upon the Effective Date, The Class Representatives and each of the

10  Settlement Class Members (and only these Persons) shall be deemed to have, and by operation of

11  the Judgment shall have, fully, finally, and forever released, dismissed with prejudice,

12  relinquished and discharged all Released Claims.

13         2.8    *Payment of Costs, Attorney Fees, Litigation Costs and Enhancements to*

14  *the Class Representatives.*

15         2.8.1    Class Counsel shall be entitled, subject to Court approval, to apply to the

16  Court for an award of attorney fees and costs, not to exceed the amounts specified herein.

17  Providing that the conditions set forth in this Agreement are satisfied, not more than ten (10) days

18  after the Effective Date, and only if the Effective Date occurs, and again subject to Court

19  approval, Merrill Lynch will pay Class Counsel up to $10,875,000 for all attorney fees; and, not

20  more than ten (10) days after the Effective Date, and only if the Effective Date occurs, and again

21  subject to Court approval, Merrill Lynch will pay Class Counsel up to $125,000 for all allowable

22  Litigation costs and expenses.  Payments made per this paragraph shall constitute full satisfaction

23  of any claim for fees or costs, and the Class Representatives and Class Counsel, on behalf of

24  themselves and all Settlement Class Members, agree that they shall not seek nor be entitled to any

25  additional attorney fees or costs under any theory.  The Class Representatives and Class Counsel

26  agree that they shall be responsible for justifying to the Court, the amount of these attorney fees

27  and litigation cost payments and they agree to submit the necessary materials to justify these

28  payments along with the Settling Parties' joint motion for final approval of the Agreement

- 30 -

3805990.3

1   pursuant to Paragraph 2.5.9.  Merrill Lynch agrees not to oppose any submission regarding, or

2   request for approval of, payment of attorney fees or litigation costs provided it is consistent with

3   this Agreement.  In the event that the Court (or appellate court) awards less than the maximum

4   amount for attorney fees and/or litigation costs, only the awarded amounts shall be paid and shall

5   constitute full satisfaction of the obligations of this paragraph and full payment thereunder, and

6   any remaining or unawarded portion of the maximum attorney fees and litigation cost awards

7   described in this Agreement shall be added to the Net Settlement Consideration.  If the Effective

8   Date occurs, Merrill Lynch pursuant to this Paragraph shall pay the law firm of Wolf Haldenstein

9   Adler Freeman & Herz LLP any attorneys fees and litigation costs that have been approved by the

10  Court provided that all Class Counsel have executed this Agreement and by doing so

11  acknowledge that the payment and method of payment under this Agreement is in full satisfaction

12  of any and all claims, rights and/or demands Class Counsel, Class Representatives and/or the

13  Class had, have or may claim to have in the future for attorneys fees, costs, expenses, debts or any

14  other payment in connection with the Litigation and/or this Agreement.  A Form 1099 for this

15  payment will be filed for Wolf Haldenstein Adler Freeman & Herz LLP.  That firm agrees to

16  provide Merrill Lynch with its tax identification number.  Other than any reporting of this fee and

17  cost payment as required by this Agreement or law, which Merrill Lynch shall make, Class

18  Counsel and the Class Representatives shall alone be responsible for the reporting and payment of

19  any federal, state and/or local income or other form of tax on any payment made pursuant to this

20  Paragraph.  Other than as provided in this Paragraph 2.8.1 for the limited purpose discussed

21  herein, no party shall be deemed the prevailing party for any other purposes of the Litigation.

22          2.8.2    Class Counsel shall be entitled, subject to Court approval to apply to the

23  Court for an award of an enhancement payment to each of the sixteen (16) Class Representatives

24  of an amount not to exceed $20,000 each ($320,000 in the aggregate).  Class Counsel may make

25  this application along with any supporting material along with the Settling Parties' Joint Motion

26  for Final Approval of the Agreement Pursuant to Paragraph 2.5.9.  Merrill Lynch will not oppose

27  Class Counsel's request for these enhancement payments provided it is consistent with this

28  Agreement.  If the Court awards any amounts less than $20,000 to each Class Representative (or

- 31 -

3805990.3

1   $320,000 in the aggregate), the unawarded remainder shall be added to the Net Settlement

2   Consideration. Providing that the conditions set forth in this Agreement are satisfied, not more

3   than ten (10) days after the Effective Date, and only in the event that the Effective Date occurs,

4   Merrill Lynch will forward a check made payable to each of the Settling Named Plaintiffs in

5   each's personal capacity only and via each's counsel of record, in the gross amount of twenty

6   thousand United States dollars (or other such lower amounts the court approves) in addition to

7   each's Settlement Sum as a Participating Claimant. Such payments shall be compensation and

8   consideration for both (a) their efforts as the Class Representatives in the Litigation; and (b) each

9   Class Representative's execution of a general release to the benefit of the Merrill Lynch

10  Releasees. Through this Agreement, the Named Settling Plaintiffs agree to be Members of the

11  Settlement Class, Participating Claimants and Opt Ins subject to the Judgment, and in light of this

12  agreement and their implicit certification, it shall not be necessary for them to be sent a Notice

13  Re: Pendency of Class Action or for them to complete a Settlement Claim Certification Form.

14  The Settling Parties agree that Merrill Lynch shall report the enhancement payment as non-wage

15  income in the year of payment, and that Merrill Lynch will report the payment of each Settling

16  Named Plaintiff's Settlement Sum according to the terms of this Agreement. Other than the

17  reporting and withholding set forth in this Agreement, each Settling Named Plaintiff shall be

18  responsible for the reporting and payment of any federal, state and/or local income or other form

19  of tax on any payment made pursuant to this Paragraph.

20          2.8.3    Unless otherwise expressly provided, Merrill Lynch shall have no

21  responsibility for, and no liability whatsoever with respect to, the allocation among the Class

22  Representatives, Class Counsel and/or any other Person who may assert some claim thereto, of

23  any award or payment issued or made in the Litigation or pursuant to this Agreement, including,

24  but not limited to, any award or payment pursuant to Paragraph 2.8.1 or 2.8.2.

25          2.8.4    If the Effective Date does not occur, neither the Class Representatives nor

26  Class Counsel shall have any responsibility or obligation for the payment of costs incurred by the

27  Claims Administrator, including the cost of mailing the Notice.

28

3805990.3

1     *2.9     Claims Administrator.*

2          2.9.1     Merrill Lynch shall be solely responsible for the fees and expenses

3     reasonably incurred by the Claims Administrator as a result of procedures and processes

4     expressly required by this Agreement.  The Class Representatives and Class Counsel shall have

5     no responsibility for such fees or expenses.  Based on current estimates, the Settling Parties

6     anticipate that the total sum paid to the Claims Administrator will not exceed $150,000, but the

7     Settling Parties understand and agree that this figure represents just an estimated maximum, and

8     the sum charged by the Claims Administrator may be different and the entire amount charged will

9     be offset against the Maximum Settlement Amount.

10          2.9.2     The actions of the Claims Administrator shall be governed by the terms of

11    this Agreement.  Merrill Lynch may provide relevant information needed by the Claims

12    Administrator per this Agreement and engage in related communications with the Claims

13    Administrator without notice or copies to Class Counsel, any Class Members or the Court.  Class

14    Counsel may provide relevant information needed by the Claims Administrator per this

15    Agreement and engage in related communications with the Claims Administrator without notice

16    or copies to Merrill Lynch, any Class Members or the Court.  Merrill Lynch may make payment

17    to the Claims Administrator for its services and engage in related communications with the

18    Claims Administrator without notice or copies to Class Counsel, any Class Members or the Court.

19          2.9.3     In the event that the Class Representatives or Class Counsel take the

20    position that the Claims Administrator is not acting in accordance with the terms of the

21    Agreement, Class Counsel shall meet and confer with counsel for Merrill Lynch prior to raising

22    any such issue with the Claims Administrator or the Court.

23          2.10     *Termination of Settlement*

24          2.10.1     In the event that the settlement set forth in this Agreement shall not be

25    approved without material changes by the Court or, if one of the conditions upon which the

26    Agreement is based is not satisfied, or in the event that the Effective Date does not occur, no

27    payments other than those pursuant to paragraph 2.9.1 shall be made by Merrill Lynch to anyone

28    in accordance with the terms of this Agreement, the Settling Parties will bear their own costs and

- 33 -

3805990.3

1  fees with regard to the efforts to obtain Court approval, and this Agreement shall be deemed null

2  and void with no effect on the Litigation whatsoever. Court changes to the dates of hearings

3  provided for in this Agreement by fewer than five (5) months and/or reductions in the amount of

4  attorney fees, litigation costs and/or enhancement awards pursuant to Paragraphs 2.8.1 or 2.8.2,

5  shall not be deemed a substantial change necessitating termination of the settlement. In the event

6  that five percent (5%) or more of Class Members opt out of the Settlement Class by submitting

7  Opt Outs pursuant to Paragraph 2.5.2, Merrill Lynch shall have the absolute discretionary right to

8  terminate this settlement and Agreement. To the extent Merrill Lynch chooses to exercise the

9  option established in this Paragraph, it must do so through written notice to Class Counsel within

10  seven (7) days after being notified in writing by the Claims Administrator that the number of opt

11  outs has exceeded the agreed upon limit.

12          2.11    *Miscellaneous Provisions.*

13          2.11.1    The only Class Members entitled to any payment under this Agreement

14  and the associated Judgment are Participating Claimants, and they shall be entitled to their

15  respective Settlement Sums only. This Agreement and the associated Judgment do not and will

16  not create any unpaid residue or unpaid residual, and no distribution of such shall be required.

17  The provisions of California Code of Civil Procedure section 384 and/or any similar statute in any

18  other state do not apply to this action or this Agreement. Any portion of the Net Settlement

19  Consideration that is not properly claimed shall remain the property of Merrill Lynch, and any

20  finding(s) to the contrary exceeding $50,000 in the aggregate will be a ground for Merrill Lynch

21  to void the settlement as set forth in Paragraph 2.6.3.

22          2.11.2    No Person shall have any claim against Class Counsel, the Claims

23  Administrator, counsel for Merrill Lynch or any of the Merrill Lynch Releasees based on the

24  payments made or other actions taken substantially in accordance with the Agreement and the

25  settlement contained therein or further orders of the Court.

26          2.11.3    In the event that the Agreement is not substantially approved by the Court

27  or the settlement set forth in the Agreement is terminated, cancelled, declared void or fails to

28  become effective in accordance with its terms, or if the Judgment does not become Final, or to the

- 34 -

1  extent termination, cancellation or voiding of the Agreement is otherwise provided in this

2  Agreement, the Settling Parties shall resume the Litigation at that time as if no Agreement had

3  been entered.  In such event, the terms and provisions of the Agreement shall have no further

4  force and effect with respect to the Settling Parties and shall not be used in this Litigation or in

5  any other proceeding for any purpose, and any Judgment or order entered by the Court in

6  accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*.  In such

7  event, all discussions and negotiations related to and/or culminating in this Agreement shall

8  remain confidential and subject to Federal Rule of Evidence 408, any similar state statute in any

9  other jurisdiction, the mediation privilege and the Settling Parties' confidentiality agreement

10  signed at the mediation on November 18, 2006.   Notwithstanding any other provision of this

11  Agreement, no order of the Court reducing, or modification or reversal on appeal of any order of

12  the Court reducing the amount of any attorney fees or litigation costs to be paid by Merrill Lynch

13  to Class Counsel or the amount of the enhancement payments to the Class Representatives, shall

14  constitute grounds for cancellation or termination of the Agreement or grounds for limiting any

15  other provision of the Judgment.

16          2.11.4    The Settling Parties (a) acknowledge that it is their intent to consummate

17  this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and

18  implement all terms and conditions of the Agreement and to exercise their best efforts to

19  accomplish the foregoing terms and conditions of the Agreement.

20          2.11.5    The Agreement compromises claims which are contested in good faith,

21  and it shall not be deemed an admission by any of the Settling Parties as to the merits of any

22  claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other

23  terms of the settlement were negotiated in good faith by the Settling Parties and reflect a

24  settlement that was reached voluntarily after consultation with competent legal counsel.

25          2.11.6    Neither the Agreement nor the settlement, nor any act performed or

26  document executed pursuant to, or in furtherance of, the Agreement or the settlement: (a) is or

27  may be deemed to be or may be used as an admission of, or evidence of, the validity of any

28  Released Claim, or of any wrongdoing or liability of the Merrill Lynch Releasees, or any of them;

- 35 -

3805990.3

1  or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

2  omission of the Merrill Lynch Releasees, or any of them, in any civil, criminal or administrative

3  proceeding in any court, administrative agency or other tribunal.  The Class Representatives and

4  Class Counsel agree not to argue or present any argument, and hereby waive any argument, that

5  Merrill Lynch could not contest (or is estopped from contesting) class certification and/or

6  proceeding collectively on any grounds if this Litigation were to proceed; this Agreement shall

7  not be deemed an admission by, or ground for estoppel against, Merrill Lynch that class

8  certification and/or proceeding collectively in the Litigation is proper or cannot be contested on

9  any grounds.  Similarly, Merrill Lynch agrees to waive any argument based on delay or laches

10  against Class Counsel in any subsequent proceeding.

11      2.11.7   All of the exhibits to the Agreement are material and integral parts hereof

12  and are fully incorporated herein by this reference.

13      2.11.8   The Agreement may be amended or modified only by a written instrument

14  signed by or on behalf of all Settling Parties or their respective successors-in-interest.

15      2.11.9   The Agreement constitutes the entire agreement among the Settling

16  Parties hereto and no representations, warranties or inducements have been made to any party

17  concerning the Agreement or its exhibits other than the representations, warranties and covenants

18  contained and memorialized in such documents.  Except as otherwise provided herein, each party

19  shall bear its own costs and attorney fees.

20      2.11.10  Class Counsel, on behalf of the Class, are expressly authorized by the

21  Class Representatives to take all appropriate action required or permitted to be taken by the Class

22  pursuant to the Agreement to effect its terms, and also are expressly authorized to enter into any

23  modifications or amendments to the Agreement on behalf of the Class which they deem

24  appropriate.

25      2.11.11  Each counsel or other Person executing the Agreement or any of its

26  exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do

27  so.

28

- 36 -

3805990.3

1        2.11.12  The Agreement may be executed in one or more counterparts.  All

2    executed counterparts and each of them shall be deemed to be one and the same instrument.  A

3    complete set of original executed counterparts shall be filed with the Court.

4        2.11.13  The Agreement shall be binding upon, and inures to the benefit of, the

5    heirs, executors, successors and assigns of the parties hereto; but this Agreement is not designed

6    to and does not create any third party beneficiaries.

7        2.11.14  The Court shall retain jurisdiction with respect to implementation and

8    enforcement of the terms of the Agreement, and all parties hereto submit to the jurisdiction of the

9    Court for purposes of implementing and enforcing the settlement embodied in the Agreement.

10       2.11.15  The Agreement and the exhibits hereto shall be considered to have been

11   negotiated, executed and delivered, and to have been wholly performed, in the State of New

12   York, and the rights and obligations of the parties to the Agreement shall be construed and

13   enforced in accordance with, and governed by, the internal, substantive laws of the State of New

14   York without giving effect to that State's choice of law principles.

15       2.11.16  The language of all parts of this Agreement shall in all cases be construed

16   as a whole, according to its fair meaning, and not strictly for or against either party.  No party

17   shall be deemed the drafter of this Agreement.  The parties acknowledge that the terms of the

18   Agreement are contractual and are the product of negotiations between the parties and their

19   counsel.  Each party and their counsel cooperated in the drafting and preparation of the

20   Agreement.  In any construction to be made of the Agreement, the Agreement shall not be

21   construed against any party and the canon of contract interpretation to the contrary shall not be

22   applied.

23       2.11.17  The Settling Parties agree to take all reasonable steps to comply with the

24   requirements of the Class Action Fairness Act of 2005, including the notice requirements.  It is

25   the intent of the parties that the Judgment be binding on all Settlement Class Members.

26       2.11.18.  The Class Representatives and Class Counsel shall not cause any aspect

27   of this Litigation or the terms of this Stipulation to be reported to the media or news reporting

28   services.

- 37 -

1        2.11.19  Merrill Lynch agrees that it shall not retaliate in any way against Class

2    Members for their participation in this Settlement.

3

4    DATED: _____, 2008        SWANSON THOMAS & COON

5

6        By: _____

7               JAMES S. COON

8        Attorneys for Plaintiff JEFFREY POOLE

9    DATED: _____, 2008        MUNGER, TOLLES & OLSON LLP

10

11

12        By: _____

13               TERRY E. SANCHEZ

14        Attorneys for Defendant
    MERRILL LYNCH, PIERCE, FENNER

15        & SMITH INCORPORATED

16

17    Additional Attorneys for the Plaintiffs:

18    JAMES F. CLAPP
jclapp@sdlaw.com    NORMAN SHABEL
nshabel@shabeldenittis.com

19    DOSTART, CLAPP, GORDON &
    COVENEY, LLP    STEPHEN P. DENITTIS
sdenittis@shabeldenittis.com

20    4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122    SHABEL & DENITTIS, P.C.
5 Greentree Centre, Suite 302

21    Tel:  (858) 623-4200
Fax:  (858) 623-4299    Marlton, NJ 08053
Tel:  (856) 797-9951

22    Attorneys for Plaintiffs Edward C. Reinhart
and Jeffrey Poole    Fax:  (856) 797-9978
Attorneys for Plaintiff Edward France

23

24

25

26

27

28

3805990.3        - 38 -

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1          2.11.19  Merrill Lynch agrees that it shall not retaliate in any way against Class

2  Members for their participation in this Settlement.

3

4  DATED: _____, 2008      SWANSON THOMAS & COON

5

6                                By:_____

7                                    JAMES S. COON

                                Attorneys for Plaintiff JEFFREY POOLE

8

9  DATED: _____, 2008      MUNGER, TOLLES & OLSON LLP

10

11

12                                By:_____

                                  TERRY E. SANCHEZ

13

14                                Attorneys for Defendant

                                MERRILL LYNCH, PIERCE, FENNER

15                                & SMITH INCORPORATED

16

17  | Additional Attorneys for the Plaintiffs: |

18  

| JAMES F. CLAPP | NORMAN SHABEL |
|---|---|
| jclapp@sdlaw.com | nshabel@shabeldenittis.com |
| DOSTART, CLAPP, GORDON & | STEPHEN P. DENITTIS |
|     COVENEY, LLP | sdenittis@shabeldenittis.com |
| 4370 La Jolla Village Drive, Suite 970 | SHABEL & DENITTIS, P.C. |
| San Diego, CA 92122 | 5 Greentree Centre, Suite 302 |
| Tel:   (858) 623-4200 | Marlton, NJ 08053 |
| Fax:  (858) 623-4299 | Tel:   (856) 797-9951 |
| Attorneys for Plaintiffs Edward C. Reinhart | Fax:  (856) 797-9978 |
| and Jeffrey Poole | Attorneys for Plaintiff Edward France |

19

20

21

22

23

24

25

26

27

28

3805990.3

1

2    Additional Attorneys for the Plaintiffs:

| | |
|---|---|
| 3<br><br>4<br><br>5<br><br>6<br><br>7<br><br>8<br><br>9<br><br>10<br>KENNETH LEHN<br>klehn@winnebanta.com<br>EDWARD P. D'ALESSIO<br>edalessio@winnebanta.com<br>WINNE, BANTA, HETHERINGTON,<br>    BASRALIAN & KAHN, P.C.<br>Court Plaza South<br>21 Main Street<br>P.O. Box 647<br>Hackensack, NJ 07601<br>Tel:    (201) 487-3800<br>Fax:    (201) 487-8529<br>Attorneys for Plaintiffs Winsome P. Carter,<br>James C. Howell, Jeffrey Kemp, Andrea<br>Loughlin, Henry V. M. Multala, Burkhard<br>Spring and Robert Traitz | JEFFREY G. SMITH<br>smith@whafh.com<br>ROBERT ABRAMS<br>abrams@whafh.com<br>WOLF HALDENSTEIN ADLER<br>    FREEMAN & HERZ, LLP<br>270 Madison Avenue<br>New York, NY 10016<br>Tel:    (212) 545-4600<br>Fax:    (212) 545-46 53<br>Attorneys for Plaintiffs Anthony Palumbo,<br>Mary O'Reilly and Peter R. Garrison |
| JERRY K. CIMMET<br>cimmet@att.net<br>Attorney at Law<br>177 Bovet Road, Suite 600<br>San Mateo, CA 94402<br>Tel:    (650) 866-4700<br>Fax:    (650) 866-4770<br>Attorney for Plaintiffs Winsome P. Carter,<br>James C. Howell, Jeffrey Kemp, Andrea<br>Loughlin, Henry V. M. Multala, Burkhard<br>Spring and Robert Traitz | PHILIP STEPHEN FUOCO<br>pfuoco@msn.com<br>JOSEPH OSEFCHEN<br>josefchen@msn.com<br>LAW FIRM OF<br>PHILIP STEPHEN FUOCO<br>24 Wilkins Place<br>Haddonfield, NJ 08033<br>Tel:    (856) 354-1100<br>Attorneys for Plaintiff Edward France |
| RICHARD GLICKMAN<br>glickmanlawcorp@yahoo.com<br>One Maritime Plaza<br>Suite 1600<br>San Francisco, CA 94111<br>Tel:    (415) 362-7685<br>Fax:    (415) 781-1034<br>Attorney for Plaintiffs Anthony Palumbo and<br>Peter R. Garrison | LEON GREENBERG<br>wagelaw@hotmail.com<br>Attorney at Law<br>633 South 4th Street - Suite 9<br>Las Vegas, NV 89101<br>Tel:    (702) 383-6085<br>Fax:    (702) 385-1827<br>Attorney for Plaintiff David Bachrach |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

Additional Attorneys for the Plaintiffs:

| | |
|---|---|
| H. TIM HOFFMAN<br>hth@hoffmanandlazear.com<br>ARTHUR W. LAZEAR<br>awl@hoffmanandlazear.com<br>HOFFMAN & LAZEAR<br>180 Grand Avenue, Suite 1550<br>Oakland, CA 94612<br>Tel:    (510) 763-5700<br>Fax:    (510) 835-1311<br>Attorneys for Plaintiff Jeffrey Poole | JOHN M. KELSON<br>kelsonlaw@sbcglobal.net<br>LAW OFFICE OF JOHN M. KELSON<br>1999 Harrison Street, Suite 700<br>Oakland, CA 94612<br>Tel:    (510) 465-1326<br>Fax:    (510) 465-0871<br>Attorneys for Plaintiffs Winsome P. Carter,<br>James C. Howell, Jeffrey Kemp, Andrea<br>Loughlin, Henry V.M. Multala, Burkhard<br>Spring and Robert Traitz |
| MARK THIERMAN<br>laborlawyer@pacbell.net<br>THIERMAN LAW FIRM<br>7287 Lakeside Drive<br>Reno, NV 89571<br>Tel:    (775) 284-1500<br>Fax:    (775) 703-5027<br>Attorneys for Plaintiff David Bachrach | MICHAEL P. LYNN, P.C.<br>mlynn@lynnllp.com<br>CODY L. TOWNS<br>ctowns@lynnllp.com<br>LYNN TILLOTSON & PINKER, LLP<br>750 N. St. Paul Street, Suite 1400<br>Dallas, TX 75201<br>Tel:    (214) 981-3800<br>Fax:    (214) 981-3839<br>Attorneys for Plaintiff Michael Wendling |
| CHRISTOPHER J. GRAY<br>gray@cjgraylaw.com<br>LAW OFFICES OF<br>CHRISTOPHER J. GRAY, P.C.<br>460 Park Avenue, 21st Floor<br>New York, NY 10022<br>Tel:    (212) 838-3221<br>Fax:    (212) 508-3695<br>Attorneys for Plaintiff Michael Wendling | LOUIS F. BURKE<br>lburke@lfblaw.com<br>LOUIS F. BURKE, P.C.<br>460 Park Avenue, 21st Floor<br>New York, NY 10022<br>Tel:    (212) 682-1700<br>Fax:    (212) 808-4280<br>Attorney for Plaintiff Michael Wendling |
| JOHN HALEBIAN<br>jhalebian@lshllp.com<br>LOVELL STEWART &<br>          HALEBIAN, LLP<br>500 Fifth Avenue, 58th Floor<br>New York, NY 10110<br>Tel:    (212) 608-1900<br>Fax:    (212) 719-4677<br>Attorneys for Plaintiffs Jeffrey Kemp, Andrea<br>Loughlin, James C. Howell, Robert Traitz,<br>Burkhard Spring, Henry V. M. Multala,<br>Winsome P. Carter and Richard J. Testa, Jr. | CODY L. TOWNS<br>ctowns@lynnllp.com<br>LYNN TILLOTSON & PINKER, LLP<br>750 N. St. Paul Street, Suite 1400<br>Dallas, TX 75201<br>Tel:   (214) 981-3800<br>Fax:   (214) 981-3839<br>Attorneys for Plaintiff Michael Wendling |

- 40 -

1

2 | BRENDAN MONAHAN | ANDREW R. JACOBS
bmonahan@vmslaw.com | EPSTEIN, FITZSIMMONS, BROWN,
VELIKANJE, MOORE | GIOIA, JACOBS & SPROULS

3 | & SHORE, P.S. | 245 Green Village Road
405 East Lincoln Avenue | P.O. Box 901

4 | P.O. Box 22550 | Chatham Township, NJ 07928
Yakima, WA 98907 | Tel: (973) 593-4900

5 | Tel: (509) 248-6030 | Fax: (973) 593-0179
| Attorneys for Plaintiff Peter R. Garrison

6 | Fax: (509) 453-6880
Attorneys for Plaintiff Edward C. Reinhart

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 41 -

1    Additional Attorneys' Signatures:

2

3    

4    JEFFREY G. SMITH                          JAMES F. CLAPP
     ROBERT ABRAMS                             Counsel in *Poole* and *Reinhart*
     Counsel in *Palumbo* and *Garrison*
5
                                               Dated:
     Dated:
6

7

8    KENNETH LEHN                              NORMAN SHABEL
     EDWARD P. D'ALESSIO                       STEPHEN P. DENITTIS
9    Counsel in *Carter, Howell, Kemp,*       Counsel in *France*
     *Loughlin, Multala, Spring* and *Traitz*
10
                                               Dated:
     Dated:
11

12

13   JERRY K. CIMMET                           PHILIP STEPHEN FUOCO
     Counsel in *Carter, Howell, Kemp,*       JOSEPH OSFECHEN
14   *Loughlin, Multala, Spring* and *Traitz*  Counsel in *France*

15   Dated:                                    Dated:

16

17

18   JOHN M. KELSON                            JOHN HALEBIAN
     Counsel in *Carter, Howell, Kemp,*       Counsel in *Carter, Howell, Kemp,*
19   *Loughlin, Multala, Spring* and *Traitz*  *Loughlin, Multala, Spring, Traitz* and *Testa*

     Dated:                                    Dated:
20

21

22   MARK THIERMAN                             LEON GREENBERG
     Counsel in *Bachrach*                     Counsel in *Bachrach*
23
     Dated:                                    Dated:
24

25

26

27

28
                                 - 42 -
     3805990.3
     STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1    Additional Attorneys' Signatures:

2

3

---

4    **JEFFREY G. SMITH**
     **ROBERT ABRAMS**
     Counsel in *Palumbo* and *Garrison*

5

6    Dated:

---

**JAMES F. CLAPP**
Counsel in *Poole* and *Reinhart*

Dated: 4/2/08

---

7

8    **KENNETH LEHN**
     **EDWARD P. D'ALESSIO**
     Counsel in *Carter, Howell, Kemp,*

9    *Loughlin, Multala, Spring* and *Traitz*

10   Dated:

11

---

**NORMAN SHABEL**
**STEPHEN P. DENITTIS**
Counsel in *France*

Dated:

---

12

13   **JERRY K. CIMMET**
     Counsel in *Carter, Howell, Kemp,*

14   *Loughlin, Multala, Spring* and *Traitz*

15   Dated:

---

**PHILIP STEPHEN FUOCO**
**JOSEPH OSFECHEN**
Counsel in *France*

Dated:

---

16

17

18   **JOHN M. KELSON**
     Counsel in *Carter, Howell, Kemp,*

19   *Loughlin, Multala, Spring* and *Traitz*

20   Dated:

---

**JOHN HALEBIAN**
Counsel in *Carter, Howell, Kemp,*
*Loughlin, Multala, Spring, Traitz* and *Testa*

Dated:

---

21

22   **MARK THIERMAN**
     Counsel in *Bachrach*

23

24   Dated:

---

**LEON GREENBERG**
Counsel in *Bachrach*

Dated:

---

25

26

27

28

3805990.3

1 Additional Attorneys' Signatures:

| | |
|---|---|
| JEFFREY G. SMITH<br>ROBERT ABRAMS<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | JAMES F. CLAPP<br>Counsel in *Poole* and *Reinhart*<br><br>Dated: |
| *[signatures]*<br>KENNETH LEHN<br>EDWARD P. D'ALESSIO<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: 4/2/08 | NORMAN SHABEL<br>STEPHEN P. DENITTIS<br>Counsel in *France*<br><br>Dated: |
| JERRY K. CIMMET<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | PHILIP STEPHEN FUOCO<br>JOSEPH OSFECHEN<br>Counsel in *France*<br><br>Dated: |
| JOHN M. KELSON<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | JOHN HALEBIAN<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring, Traitz and Testa*<br><br>Dated: |
| MARK THIERMAN<br>Counsel in *Bachrach*<br><br>Dated: | LEON GREENBERG<br>Counsel in *Bachrach*<br><br>Dated: |

- 42 -

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1  Additional Attorneys' Signatures:

2

3

JEFFREY G. SMITH

4  ROBERT ABRAMS
Counsel in *Palumbo* and *Garrison*

5

Dated:

6

7

8  KENNETH LEHN
EDWARD P. D'ALESSIO

9  Counsel in *Carter, Howell, Kemp, Loughlin, Multala, Spring* and *Traitz*

10

Dated:

11

12

13  JERRY K. CIMMET
Counsel in *Carter, Howell, Kemp,*

14  *Loughlin, Multala, Spring* and *Traitz*

15  Dated:

16

17

JOHN M. KELSON

18  Counsel in *Carter, Howell, Kemp, Loughlin, Multala, Spring* and *Traitz*

19

Dated:

20

21

22  MARK THIERMAN
Counsel in *Bachrach*

23

Dated:

24

---

JAMES F. CLAPP
Counsel in *Poole* and *Reinhart*

Dated:

NORMAN SHABEL
STEPHEN P. DENITTIS
Counsel in *France*

Dated:

PHILIP STEPHEN FUOCO
JOSEPH OSEFCHEN
Counsel in *France*

Dated:

JOHN HALEBIAN
Counsel in *Carter, Howell, Kemp, Loughlin, Multala, Spring, Traitz and Testa*

Dated:

LEON GREENBERG
Counsel in *Bachrach*

Dated:

25

26

27

28
- 42 -

1   Additional Attorneys' Signatures:

2

3   _____               _____
4   JEFFREY G. SMITH                       JAMES F. CLAPP
    ROBERT ABRAMS                          Counsel in *Poole* and *Reinhart*
    Counsel in *Palumbo* and *Garrison*
5
    Dated:                                 Dated:
6

7   _____               _____
8   KENNETH LEHN                           NORMAN SHABEL
    EDWARD P. D'ALESSIO                    STEPHEN P. DENITTIS
9   Counsel in *Carter, Howell, Kemp,*     Counsel in *France*
    *Loughlin, Multala, Spring* and *Traitz*
10
    Dated:                                 Dated:
11

12

13  _____               _____
    JERRY K. CIMMET                        PHILIP STEPHEN FUOCO
    Counsel in *Carter, Howell, Kemp,*     JOSEPH OSFECHEN
14  *Loughlin, Multala, Spring* and *Traitz* Counsel in *France*

15  Dated: 3/27/2008                       Dated:

16

17  _____               _____
18  JOHN M. KELSON                         JOHN HALEBIAN
    Counsel in *Carter, Howell, Kemp,*     Counsel in *Carter, Howell, Kemp,*
    *Loughlin, Multala, Spring* and *Traitz* *Loughlin, Multala, Spring, Traitz* and *Testa*
19
    Dated:                                 Dated:
20

21

22  _____               _____
    MARK THIERMAN                          LEON GREENBERG
23  Counsel in *Bachrach*                  Counsel in *Bachrach*

    Dated:                                 Dated:
24

25

26

27

28
    _____
    3805990.3

- 42 -

Additional Attorneys' Signatures:

| | |
|---|---|
| JEFFREY G. SMITH<br>ROBERT ABRAMS<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | JAMES F. CLAPP<br>Counsel in *Poole* and *Reinhart*<br><br>Dated: |
| KENNETH LEHN<br>EDWARD P. D'ALESSIO<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | NORMAN SHABEL<br>STEPHEN P. DENITTIS<br>Counsel in *France*<br><br>Dated: |
| JERRY K. CIMMET<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | PHILIP STEPHEN FUOCO<br>JOSEPH OSEFCHEN<br>Counsel in *France*<br><br>Dated: *March 81, 2008* |
| JOHN M. KELSON<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | JOHN HALEBIAN<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring, Traitz and Testa*<br><br>Dated: |
| MARK THIERMAN<br>Counsel in *Bachrach*<br><br>Dated: | LEON GREENBERG<br>Counsel in *Bachrach*<br><br>Dated: |

- 42 -

Additional Attorneys' Signatures:

| | |
|---|---|
| JEFFREY G. SMITH<br>ROBERT ABRAMS<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | JAMES F. CLAPP<br>Counsel in *Poole* and *Reinhart*<br><br>Dated: |
| KENNETH LEHN<br>EDWARD P. D'ALESSIO<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | NORMAN SHABEL<br>STEPHEN P. DENITTIS<br>Counsel in *France*<br><br>Dated: |
| JERRY K. CIMMET<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | PHILIP STEPHEN FUOCO<br>JOSEPH OSFECHEN<br>Counsel in *France*<br><br>Dated: |
| JOHN M. KELSON<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: 4\|3\|08 | JOHN HALEBIAN<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring, Traitz and Testa*<br><br>Dated: |
| MARK THIERMAN<br>Counsel in *Bachrach*<br><br>Dated: | LEON GREENBERG<br>Counsel in *Bachrach*<br><br>Dated: |

- 42 -

Additional Attorneys' Signatures:

| | |
|---|---|
| JEFFREY G. SMITH<br>ROBERT ABRAMS<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | JAMES F. CLAPP<br>Counsel in *Poole* and *Reinhart*<br><br>Dated: |
| KENNETH LEHN<br>EDWARD P. D'ALESSIO<br>Counsel in *Carter, Howell, Kemp,<br>Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | NORMAN SHABEL<br>STEPHEN P. DENITTIS<br>Counsel in *France*<br><br>Dated: |
| JERRY K. CIMMET<br>Counsel in *Carter, Howell, Kemp,<br>Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | PHILIP STEPHEN FUOCO<br>JOSEPH OSFECHEN<br>Counsel in *France*<br><br>Dated: |
| JOHN M. KELSON<br>Counsel in *Carter, Howell, Kemp,<br>Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | JOHN HALEBIAN<br>Counsel in *Carter, Howell, Kemp,<br>Loughlin, Multala, Spring, Traitz and Testa*<br><br>Dated: |
| MARK THIERMAN<br>Counsel in *Bachrach*<br><br>Dated: | LEON GREENBERG<br>Counsel in *Bachrach*<br><br>Dated: |

- 42 -

3805990.3

Additional Attorneys' Signatures:

| | |
|---|---|
| JEFFREY G. SMITH<br>ROBERT ABRAMS<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | JAMES F. CLAPP<br>Counsel in *Poole* and *Reinhart*<br><br>Dated: |
| KENNETH LEHN<br>EDWARD P. D'ALESSIO<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | NORMAN SHABEL<br>STEPHEN P. DENITTIS<br>Counsel in *France*<br><br>Dated: |
| JERRY K. CIMMET<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | PHILIP STEPHEN FUOCO<br>JOSEPH OSFECHEN<br>Counsel in *France*<br><br>Dated: |
| JOHN M. KELSON<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring* and *Traitz*<br><br>Dated: | JOHN HALEBIAN<br>Counsel in *Carter, Howell, Kemp,*<br>*Loughlin, Multala, Spring, Traitz* and *Testa*<br><br>Dated: |
| MARK THIERMAN<br>Counsel in *Bachrach*<br><br>Dated: 4/7/08 | LEON GREENBERG<br>Counsel in *Bachrach*<br><br>Dated: 3/31/08 |

- 42 -

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1

2

3    RICHARD GLICKMAN                    H. TIM HOFFMAN
     Counsel in *Palumbo* and *Garrison*     ARTHUR W. LAZEAR
4                                         Counsel in *Poole*

5    Dated: 4/10/08                       Dated: April 1, 2008

6

7

8    MICHAEL P. LYNN, P.C.               CHRISTOPHER J. GRAY
     CODY L. TOWNS                       Counsel in *Wendling*
     Counsel in *Wendling*
9
     Dated:                              Dated:
10

11

12   LOUIS F. BURKE                      BRENDAN MONAHAN
     Counsel in *Wendling*               Counsel in *Reinhart*
13
     Dated:                              Dated:
14

15

16   ALLAN DINKOFF                       ANDREW JACOBS
     Counsel for Merrill Lynch           Counsel in *Garrison*
17
     Dated:                              Dated:
18

19

20

21

22

23

24

25

26

27

28

- 43 -

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

| | |
|---|---|
| RICHARD GLICKMAN<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | H. TIM HOFFMAN<br>ARTHUR W. LAZEAR<br>Counsel in *Poole*<br><br>Dated: |
| MICHAEL P. LYNN, P.C.<br>CODY L. TOWNS<br>Counsel in *Wendling*<br><br>Dated: 4/1/08 | CHRISTOPHER J. GRAY<br>Counsel in *Wendling*<br><br>Dated: |
| LOUIS F. BURKE<br>Counsel in *Wendling*<br><br>Dated: | BRENDAN MONAHAN<br>Counsel in *Reinhart*<br><br>Dated: |
| ALLAN DINKOFF<br>Counsel for Merrill Lynch<br><br>Dated: | ANDREW JACOBS<br>Counsel in *Garrison*<br><br>Dated: |

- 43 -

3805990.3

| | |
|---|---|
| RICHARD GLICKMAN<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | H. TIM HOFFMAN<br>ARTHUR W. LAZEAR<br>Counsel in *Poole*<br><br>Dated: |
| MICHAEL P. LYNN, P.C.<br>CODY L. TOWNS<br>Counsel in *Wendling*<br><br>Dated: | *C/\*<br>CHRISTOPHER J. GRAY<br>Counsel in *Wendling*<br><br>Dated: 4/4/08 |
| LOUIS F. BURKE<br>Counsel in *Wendling*<br><br>Dated: | BRENDAN MONAHAN<br>Counsel in *Reinhart*<br><br>Dated: |
| ALLAN DINKOFF<br>Counsel for Merrill Lynch<br><br>Dated: | ANDREW JACOBS<br>Counsel in *Garrison*<br><br>Dated: |

- 43 -

| | |
|---|---|
| RICHARD GLICKMAN<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | H. TIM HOFFMAN<br>ARTHUR W. LAZEAR<br>Counsel in *Poole*<br><br>Dated: |
| MICHAEL P. LYNN, P.C.<br>CODY L. TOWNS<br>Counsel in *Wendling*<br><br>Dated: | CHRISTOPHER J. GRAY<br>Counsel in *Wendling*<br><br>Dated: |
| LOUIS F. BURKE<br>Counsel in *Wendling*<br><br>Dated: | BRENDAN MONAHAN<br>Counsel in *Reinhart*<br><br>Dated: |
| ALLAN DINKOFF<br>Counsel for Merrill Lynch<br><br>Dated: | ANDREW JACOBS<br>Counsel in *Garrison*<br><br>Dated: |

3805590.3

- 43 -

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

| | |
|---|---|
| RICHARD GLICKMAN<br>Counsel in *Palumbo* and *Garrison*<br><br>Dated: | H. TIM HOFFMAN<br>ARTHUR W. LAZEAR<br>Counsel in *Poole*<br><br>Dated: |
| MICHAEL P. LYNN, P.C.<br>CODY L. TOWNS<br>Counsel in *Wendling*<br><br>Dated: | CHRISTOPHER J. GRAY<br>Counsel in *Wendling*<br><br>Dated: |
| LOUIS F. BURKE<br>Counsel in *Wendling*<br><br>Dated: | BRENDAN MONAHAN<br>Counsel in *Reinhart*<br><br>Dated: |
| ALLAN DINKOFF<br>Counsel for Merrill Lynch<br><br>Dated: | ANDREW JACOBS<br>Counsel in *Garrison*<br><br>Dated: |

- 43 -

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

RICHARD GLICKMAN
Counsel in *Palumbo* and *Garrison*

Dated:

H. TIM HOFFMAN
ARTHUR W. LAZEAR
Counsel in *Poole*

Dated:

MICHAEL P. LYNN, P.C.
CODY L. TOWNS
Counsel in *Wendling*

Dated:

CHRISTOPHER J. GRAY
Counsel in *Wendling*

Dated:

LOUIS F. BURKE
Counsel in *Wendling*

Dated:

BRENDAN MONAHAN
Counsel in *Reinhart*

Dated:

ALLAN DINKOFF
Counsel for Merrill Lynch

Dated:

ANDREW JACOBS
Counsel in *Garrison*

Dated: 4/10/08

- 43 -

1  Parties' signatures:

2

3

4  David Bachrach                         Winsome P. Carter

5  Dated:  3/28/2008                      Dated:

6

7

8  Edward France                          Peter Garrison

9  Dated:                                 Dated:

10

11

12  James C. Howell                        Jeffrey Kemp

13  Dated:                                 Dated:

14

15  Andrea Loughlin                        Henry V. M. Multala

16  Dated:                                 Dated:

17

18

19  Mary O'Reilly                          Anthony Palumbo

20  Dated:                                 Dated:

21

22  Jeffrey Poole                          Edward Reinhart

23  Dated:                                 Dated:

24

25

26  Burkhard Spring                        Richard J. Testa, Jr.

27  Dated:                                 Dated:

28

Parties' signatures:

| | |
|---|---|
| David Bachrach<br><br>Dated: | *Winsome P. Carter*<br>Winsome P. Carter<br><br>Dated: April 4, 2008 |
| Edward France<br><br>Dated: | Peter Garrison<br><br>Dated: |
| James C. Howell<br><br>Dated: | Jeffrey Kemp<br><br>Dated: |
| Andrea Loughlin<br><br>Dated: | Henry V. M. Multala<br><br>Dated: |
| Mary O'Reilly<br><br>Dated: | Anthony Palumbo<br><br>Dated: |
| Jeffrey Poole<br><br>Dated: | Edward Reinhart<br><br>Dated: |
| Burkhard Spring<br><br>Dated: | Richard J. Testa, Jr.<br><br>Dated: |

- 44 -

1  Parties' signatures:

2

3  _____        _____

4  David Bachrach                      Winsome P. Carter

5  Dated:                              Dated:

6

7  *Edward France* (signature)

8  Edward France                       Peter Garrison

9  Dated: _____              Dated: _____

10

11 _____        _____

12 James C. Howell                     Jeffrey Kemp

   Dated:                              Dated:
13

14

15 _____        _____
   Andrea Loughlin                     Henry V. M. Multala
16
   Dated:                              Dated:
17

18

19 _____        _____
   Mary O'Reilly                       Anthony Palumbo
20
   Dated:                              Dated:
21

22 _____        _____
   Jeffrey Poole                       Edward Reinhart
23
   Dated:                              Dated:
24

25 _____        _____
   Burkhard Spring                     Richard J. Testa, Jr.
26
   Dated:                              Dated:
27

28
                                    - 44 -

1 | Parties' signatures:

2

| | |
|---|---|
| David Bachrach | Winsome P. Carter |
| Dated: | Dated: |
| Edward France | Peter Garrison |
| Dated: | Dated: 04/07/2008 |
| James C. Howell | Jeffrey Kemp |
| Dated: | Dated: |
| Andrea Loughlin | Henry V. M. Multala |
| Dated: | Dated: |
| Mary O'Reilly | Anthony Palumbo |
| Dated: | Dated: |
| Jeffrey Poole | Edward Reinhart |
| Dated: | Dated: |
| Burkhard Spring | Richard J. Testa, Jr. |
| Dated: | Dated: |

- 44 -

1  Parties' signatures:

2

3

4

|  | |
|---|---|
| David Bachrach | Winsome P. Carter |
| Dated: | Dated: |
| Edward France | Peter Garrison |
| Dated: | Dated: |
| *James C. Howell* **4-4-08** | Jeffrey Kemp |
| Dated: | Dated: |
| Andrea Loughlin | Henry V. M. Multala |
| Dated: | Dated: |
| Mary O'Reilly | Anthony Palumbo |
| Dated: | Dated: |
| Jeffrey Poole | Edward Reinhart |
| Dated: | Dated: |
| Burkhard Spring | Richard J. Testa, Jr. |
| Dated: | Dated: |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38059900.3

- 44 -

| | |
|---|---|
| David Bachrach | Winsome P. Carter |
| Dated: | Dated: |
| Edward France | Peter Garrison |
| Dated: | Dated: |
| James C. Howell | Jeffrey Kemp |
| Dated: | Dated: 04-04-08 |
| Andrea Loughlin | Henry V. M. Multala |
| Dated: | Dated: |
| Mary O'Reilly | Anthony Palumbo |
| Dated: | Dated: |

| | |
|---|---|
| David Bachrach | Winsome P. Carter |
| Dated: | Dated: |
| Edward France | Peter Garrison |
| Dated: | Dated: |
| James C. Howell | Jeffrey Kemp |
| Dated: | Dated: |
| Andrea Loughlin | Henry V. M. Multala |
| Dated: 4/4/08 | Dated: |
| Mary O'Reilly | Anthony Palumbo |
| Dated: | Dated: |

1   Parties' signatures:

2

3

4

5   David Bachrach                          Winsome P. Carter

6   Dated:                                  Dated:

7

8   Edward France                           Peter Garrison

9   Dated:                                  Dated:

10

11

12  James C. Howell                         Jeffrey Kemp

13  Dated:                                  Dated:

14

15  Andrea Loughlin                         Henry V. M. Multala

16  Dated:                                  Dated:  4-3-08

17

18

19  Mary O'Reilly                           Anthony Palumbo

20  Dated:                                  Dated:

21

22  Jeffrey Poole                           Edward Reinhart

23  Dated:                                  Dated:

24

25

26  Burkhard Spring                         Richard J. Testa, Jr.

27  Dated:                                  Dated:

28

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1   Parties' signatures:

2

3

4

5   David Bachrach                          Winsome P. Carter

    Dated:                                  Dated:
6

7

8   Edward France                           Peter Garrison

9   Dated:                                  Dated:

10

11

12  James C. Howell                         Jeffrey Kemp

13  Dated:                                  Dated:

14

15  Andrea Loughlin                         Henry V. M. Multala

16  Dated:                                  Dated:

17

18

19  Mary O'Reilly                           Anthony Palumbo

20  Dated:                                  Dated:

21

22  Jeffrey Poole                           Edward Reinhart

23  Dated:                                  Dated:

24

25

26  Burkhard Spring                         Richard J. Testa, Jr.

27  Dated:                                  Dated:

28

                              - 44 -

Parties' signatures:

| | |
|---|---|
| David Bachrach<br><br>Dated: | Winsome P. Carter<br><br>Dated: |
| Edward France<br><br>Dated: | Peter Garrison<br><br>Dated: |
| James C. Howell<br><br>Dated: | Jeffrey Kemp<br><br>Dated: |
| Andrea Loughlin<br><br>Dated: | Henry V. M. Multala<br><br>Dated: |
| Mary O'Reilly<br><br>Dated: | Anthony Palumbo<br><br>Dated: 4-9-08 |
| Jeffrey Poole<br><br>Dated: | Edward Reinhart<br><br>Dated: |
| Burkhard Spring<br><br>Dated: | Richard J. Testa, Jr.<br><br>Dated: |

3805990.3

- 44 -

Parties' signatures:

| | |
|---|---|
| _____<br>David Bachrach<br>Dated: | _____<br>Winsome P. Carter<br>Dated: |
| _____<br>Edward France<br>Dated: | _____<br>Peter Garrison<br>Dated: |
| _____<br>James C. Howell<br>Dated: | _____<br>Jeffrey Kemp<br>Dated: |
| _____<br>Andrea Loughlin<br>Dated: | _____<br>Henry V. M. Multala<br>Dated: |
| _____<br>Mary O'Reilly<br>Dated: | _____<br>Anthony Palumbo<br>Dated: |
| _____<br>Jeffrey Poole<br>Dated: Apr. 14th 2008 | _____<br>Edward Reinhart<br>Dated: |
| _____<br>Burkhard Spring<br>Dated: | _____<br>Richard J. Testa, Jr.<br>Dated: |

3805990.3

1  Parties' signatures:

2

3

4

5  David Bachrach                          Winsome P. Carter

6  Dated:                                  Dated:

7

8  Edward France                           Peter Garrison

9  Dated:                                  Dated:

10

11

12 James C. Howell                         Jeffrey Kemp

13 Dated:                                  Dated:

14

15 Andrea Loughlin                         Henry V. M. Multala

16 Dated:                                  Dated:

17

18

19 Mary O'Reilly                           Anthony Palumbo

20 Dated:                                  Dated:

21

22 Jeffrey Poole                           Edward Reinhart

23 Dated:                                  Dated:  4-10-08

24

25

26 Burkhard Spring                         Richard J. Testa, Jr.

27 Dated:                                  Dated:

28

Parties' signatures:

| | |
|---|---|
| David Bachrach<br><br>Dated: | Winsome P. Carter<br><br>Dated: |
| Edward France<br><br>Dated: | Peter Garrison<br><br>Dated: |
| James C. Howell<br><br>Dated: | Jeffrey Kemp<br><br>Dated: |
| Andrea Loughlin<br><br>Dated: | Henry V. M. Multala<br><br>Dated: |
| Mary O'Reilly<br><br>Dated: | Anthony Palumbo<br><br>Dated: |
| Jeffrey Poole<br><br>Dated: | Edward Reinhart<br><br>Dated: |
| Burkhard Spring<br><br>Dated: 4/3/08 | Richard J. Testa, Jr.<br><br>Dated: |

- 44 -

Parties' signatures:

| | |
|---|---|
| David Bachrach | Winsome P. Carter |
| Dated: | Dated: |
| Edward France | Peter Garrison |
| Dated: | Dated: |
| James C. Howell | Jeffrey Kemp |
| Dated: | Dated: |
| Andrea Loughlin | Henry V. M. Multala |
| Dated: | Dated: |
| Mary O'Reilly | Anthony Palumbo |
| Dated: | Dated: |
| Jeffrey Poole | Edward Reinhart |
| Dated: | Dated: |
| Burkhard Spring | Richard J. Testa, Jr. |
| Dated: | Dated: 4/9/08 |

- 44 -

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1
2
3

Robert Traitz

4
Dated: April 4, 2008

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michael Wendling

Dated:

- 45 -

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)

1

2

3  Robert Traitz

4  Dated:

_Michael Wendling_

Michael Wendling

Dated: April 7, 2008

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 45 -

3805990.3

STIPULATION RE: SETTLEMENT CASE (CASE NO: 3:06-cv-01657-HA)