FILED'10 FEB 08 11:42USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY POOLE, WINSOME P. CARTER, JAMES C. HOWELL, JEFFREY KEMP, ANDREA LAUGHLIN, HENRY V. M. MULTALA, ANTHONY PALUMBO, MARY O'REILLY, BURKHARD SPRING, DAVID BACHRACH, PETER R. GARRISON, ROBERT TRAITZ, EDWARD FRANCE, EDWARD C. REINHART, MICHAEL WENDLING and RICHARD J. TESTA, JR., on behalf of themselves, the general public, and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>    Defendant. | CASE NO. CV 06-1657 HA<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFF ENHANCEMENTS**<br><br>HEARING DATE: November 30, 2009<br>TIME:  1:30 p.m.<br>CTRM:  13<br><br>Hon. Ancer L. Haggerty |

The Court has before it the following motions: (1) the Joint Unopposed Motion for Final Approval of Class and Collective Action Settlement (Docket No. 86); and (2) Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses and Plaintiff Enhancements (Docket No. 88). The motions were set for hearing on November 30, 2009 at 1:30 p.m. James F. Clapp of the law firm of Dostart Clapp Gordon & Coveney, LLP appeared for the plaintiffs. Terry E. Sanchez of the law firm of Munger, Tolles & Olson, LLP appeared for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. No one appeared at the hearing to oppose the motions.

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, EXPENSES, AND ENHANCEMENTS**

After reviewing the briefs and evidence submitted in connection with the motions, the Court finds and orders as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the "Joint Stipulation of Class Action and Release" and amendments thereto, Docket Nos. 44, 45 and 68, (collectively, the "Stipulation").

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court reaffirms its findings set forth in the "Order Granting Renewed Motion for Preliminary Approval," entered on November 26, 2008 (Docket No. 63), regarding the appropriateness of class certification under Fed. R. Civ. P. 23(b)(3). In particular, the Court finds that, in the context of this Settlement: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact that are common to all members of the Class, which questions predominate over individual issues; (c) plaintiffs' claims are typical of the claims of the Class; (d) plaintiffs and their attorneys will fairly and adequately protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that the distribution of the "Notice of Class Action Settlement," as described in the Declaration of Jonathan D. Paul, Docket No. 91-2, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

5. The Court finds that the Settlement was the product of protracted, arm's length negotiations between experienced counsel, facilitated by a respected mediator. After considering defendant's potential exposure, the likelihood of success on the class claims, the risk, expense,

complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class Counsel, and the reaction of the Class to the Settlement (see Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)), the Court finds that the Settlement is fair, reasonable, and in the best interests of the Class and hereby grants final approval of the Settlement. The parties are ordered to carry out the Settlement as provided in the Stipulation.

6. There were two objections to the Settlement. Class Members Gregory M. Christopher, Jason Dilauro and Michael C. Spolar filed a joint objection, Docket No. 82. Class Member Thomas Riedy purportedly mailed an objection to the Court on September 3, 2009. Because Riedy's objection does not appear in the Court's docket, it is attached as Exhibit 1 to this Order. The Court has thoroughly considered both objections and finds that neither of them has merit. Accordingly, the objections are overruled in their entirety.

7. Concurrently with their motion for final approval of the Settlement, plaintiffs' counsel have jointly moved for an award of attorneys' fees in the amount of $10,875,000, which represents 25% of the settlement fund, plus litigation expenses in the amount of $125,000. In addition, plaintiffs' counsel have asked the Court to award a $20,000 enhancement payment to each of the Class Representatives. Those motions are granted. Regarding the attorneys' fees, the Court finds that plaintiffs' counsel have skillfully advanced novel and untested legal theories on a contingent-fee basis for more than three and one-half years, and their efforts have resulted in a substantial payment to the Class. In awarding this fee, the Court has carefully considered the factors discussed in Vizcaino v. Microsoft Corp., 209 F.3d 1043, 1048-50 (9th Cir. 2002), including the results achieved, the risk of litigation, the skill required and the quality of the work, the contingent nature of the fee,

and the awards made in similar cases. Additionally, the Court notes that the "benchmark" fee in the Ninth Circuit is 25% (see Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989)), and here the award is equal to the benchmark. Regarding the litigation expenses, the Court finds that the expenses described in plaintiffs' motion and accompanying declarations were reasonably incurred in prosecuting the litigation. Finally, the Court finds that the proposed enhancement payments to the Class Representatives are reasonable in light of the services they provided to the Class and the risks they undertook in bringing the litigation. All objections to the requested attorneys' fees, litigation expenses, and plaintiff enhancements are overruled.

8. The Court directs that Judgment be entered as provided by the Settlement.

9. The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, addressing such post-judgment matters as may be appropriate under applicable law.

IT IS SO ORDERED.

Dated: 2-8-10

Hon. Ancer L. Haggerty
United States District Judge