FILED'10 FEB 08 11:42USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY POOLE, WINSOME P. CARTER, JAMES C. HOWELL, JEFFREY KEMP, ANDREA LAUGHLIN, HENRY V. M. MULTALA, ANTHONY PALUMBO, MARY O'REILLY, BURKHARD SPRING, DAVID BACHRACH, PETER R. GARRISON, ROBERT TRAITZ, EDWARD FRANCE, EDWARD C. REINHART, MICHAEL WENDLING and RICHARD J. TESTA, JR., on behalf of themselves, the general public, and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>　　　　　Defendant. | CASE NO. CV 06-1657 HA<br><br>**JUDGMENT**<br><br>HEARING DATE: November 30, 2009<br>TIME: 1:30 p.m.<br>CTRM: 13<br><br>Hon. Ancer L. Haggerty |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  Pursuant to Fed. R. Civ. P. 58, judgment is entered in <u>Poole v. Merrill Lynch, Pierce, Fenner & Smith Incorporated</u>, Oregon District Case No. CV 06-1657 HA on the terms set forth in the Order Granting Final Approval Of Settlement and Awarding Attorneys' Fees, Litigation Expenses, and Plaintiff Enhancements. For purposes of this Judgment, the Court adopts all defined terms as set forth in the "Joint Stipulation of Class Action and Release" and amendments thereto, Docket Nos. 44, 45 and 68, (collectively, the "Stipulation").

2.  Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Settlement Class. The Settling Parties are to bear their own costs, except as otherwise provided in the Agreement.

3.  By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims). The Released Claims, as defined in the Agreement, include without limitation, any and all demands, rights, liabilities and causes of action of every nature and description whatsoever by a Class Member relating to his or her employment with, or work for, Merrill Lynch or any of its affiliates (Merrill Lynch Releasees) including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Merrill Lynch Releasees, or any of them, for any type of relief, including without limitation claims for wages, damages, deductions, unpaid costs, penalties,

liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations:

    (1)(a) Any and all claims under federal and/or state or any other law alleging misclassification of Financial Advisors as exempt employees and /or violation of premium overtime requirements, meal and rest period requirements, or any and all other wage and hour requirements as to Financial Advisors, including without limitation:

    (i)    any and all claims alleging failure to pay overtime wages;

    (ii)    any failure to provide meal and/or rest periods; and

    (iii)    any payroll or wage record-keeping or itemization requirements, including without limitation any claims concerning time records, the timing of wage payments, or the manner of wage payments;

    (b)    Any and all associated claims on behalf of Financial Advisors for penalties, including without limitation liquidated and/or punitive damages; and

    (c)    Any and all associated claims on behalf of Financial Advisors for interest, costs, attorney fees, equitable relief or other types of available recovery; and

    (2)(a) Any and all claims alleging the improper deduction from wages and/or imposition of costs, losses or penalties for errors or mistakes on Financial Advisors, such as, but without limitation, all claims relating to alleged improper trading error deductions, contributions to settlements and/or the Merrill Lynch Error Policy;

    (b)    Any and all associated claims on behalf of Financial Advisors for penalties, including without limitation liquidated damages and/or punitive damages; and

    (c)    Any and all associated claims on behalf of Financial Advisors for interest, costs, attorney fees, equitable relief or other types of available recovery; and

(3)(a)  Any and all claims for failure to reimburse or cover or pay for business costs incurred by Financial Advisors, and /or for deductions from or adjustments to a Financial Advisor's compensation associated with such business costs, including without limitation claims for reimbursement of costs spent on or imposed for any type of business expenses or support staff, such as, but without limitation, all claims relating to the Merrill Lynch Fully Supported and Supplemental Compensation Programs;

(b)  Any and all associated claims on behalf of Financial Advisors for penalties, including without limitation liquidated and/or punitive damages; and

(c)  Any and all associated claims on behalf of Financial Advisors for interest, costs, attorney fees, equitable relief or other types of available recovery.

4.  "Released Claims" extends to claims under state and federal statutes and common law as well as any other theories, up to and including December 31, 2007, and the release of known or unknown claims set forth herein shall waive all statutory protections otherwise preventing the waiver of such unknown claims.  Released Claims include claims meeting the above definition under any and all applicable statutes, including without limitation the federal Fair Labor Standards Act, the Portal to Portal Act, and the statutes identified in Appendix 1 to the Agreement.  Notwithstanding the foregoing, Released Claims does not include any claims arising under the FLSA as to Class Members who do not become Opt Ins to the settlement by submitting a Qualifying Settlement Claim certification Form to the extent that opting in would be required to waive such FLSA claims. Nonetheless, Class Members who neither submit a timely Qualifying Settlement Claim Certification Form nor a timely Opt Out will forfeit, release, and waive all rights to bring or participate in a collective or class action under the Fair Labor Standards Act against the Merrill Lynch Releasees for any such FLSA claim accruing before December 31, 2007 though said individuals with retain the

right to pursue an individual action under the FLSA for such claims. "Released Claims" do not include employment discrimination claims arising under the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination In Employment Act, the Americans With Disabilities Act or state statutes prohibiting discrimination in employment. "Released Claims" also does not include any claim for retaliation against Merrill Lynch by a Financial Advisor for his or her participation in this settlement.

5. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Merrill Lynch or any of the Merrill Lynch Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Merrill Lynch or any of the Merrill Lynch Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In the event that the Effective Date does not occur, Merrill Lynch shall not be estopped or otherwise precluded from contesting class certification and/or proceeding collectively in the Litigation on any grounds. Merrill Lynch or any of the Merrill Lynch Releasees may file the Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6. The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants. Neither the Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

7. This Judgment applies to, satisfies and releases the claims in the Other Pending Actions and to the extent not already done, Class Counsel shall dismiss with prejudice the Other Pending Actions.

8. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and Merrill Lynch for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Judgment.

Dated: 2-8-10

Hon. Ancer L. Haggerty
United States District Judge

SUBMITTED BY:

Dated: December 7, 2009                DOSTART CLAPP GORDON & COVENEY, LLP

By: s / James F. Clapp
   JAMES F. CLAPP
   Admitted *Pro Hac Vice*
   (858) 623-4200
Attorneys for Plaintiff Jeffrey Poole, and, as
authorized, for all Plaintiffs

Dated: December 7, 2009                MUNGER, TOLLES & OLSON LLP

By: s / Terry E. Sanchez
   TERRY E. SANCHEZ
   Admitted *Pro Hac Vice*
   (213) 683-9100
Attorneys for Defendant Merrill Lynch, Pierce,
Fenner & Smith, Inc.

85339.1